# CHARLESTON.

BALL *v.* SETZER.

Submitted January 22, 1890.—Decided January 30, 1890.

MARSHALLING ASSETS—LIENS ON DIFFERENT FUNDS—PRIORITIES.

It is a principle of equity that when one creditor has a lien on two funds for the same debt, and another has a subsequent lien on one of the funds only, equity will require the former to resort in the first instance to the fund upon which the subsequent creditor has no lien; and this, even though in its consequences harm result to another creditor having a lien on the property later in date.

*Gunn & Gibbons* for appellant.

*Simpson & Howard* for appellee.

BRANNON, JUDGE:

James Ball brought a chancery suit in the Circuit Court of Mason county against R. H. Hall and others, alleging in his bill that on the 1st of January, 1887, he recovered a judgment for a debt against Ball; that when he recovered it Ball owned five tracts of land in Mason, one containing fifty seven acres; one eighty four acres, one 100 acres, one forty eight acres, and one 200 acres; and that on November 18, 1878, Ball executed a deed of trust on the tracts of 200 acres, forty eight acres, and fifty seven acres to secure a debt to J. D. McCulloch; and that on the 22d of March, 1884, C. C. Miller recovered a judgment for a debt against Ball; and that on July 14, 1886, Ball executed a deed of trust on the tracts of eighty four acres, 100 acres, forty eight acres, and fifty seven acres to secure a debt to George W. Setzer; and the bill stated that there might be other liens, and prayed that the liens existing against the land and their priorities might be ascertained, and the land sold to satisfy them.

A reference was made to a commissioner to ascertain Ball's real estate at the time the liens were acquired thereon, the amounts and priorities of the liens, and to whom due. The commissioner's report was that Ball owned said five tracts

when the liens were acquired, except that the 100 acres was not conveyed to him until after the McCulloch deed of trust; that McCulloch, under his trust, had a lien first in order on the 200, the forty eight, and the fifty seven acre tracts, and that Miller, by his judgment, had a lien first in order on the 100 and the eighty four acre tracts, and second on the 200, the forty eight, and the fifty seven acre tracts; that George W. Setzer, by his trust, had a lien second in order on the 100 and the eighty four acre tracts, and third on the forty eight and the fifty seven acre tracts; and that James Ball had, by his judgment, a lien third in order on the 100, the 200, and the eighty four acre tracts, and fourth on the forty eight and the fifty seven acre tracts; and that other persons had liens of subsequent dates.

A decree was pronounced decreeing the debts against the land, and subjecting it to sale, making said debts liens according to said report; but afterwards, after the sales had been made and confirmed, on the 23d day of October, 1888, a decree was entered distributing the proceeds of sale, providing that McCulloch's debt should be paid proportionally out of the net proceeds of the 200 acre tract, the forty eight acre tract, and the fifty seven acre tract, as the gross amount of his debt bears to the net amount from the sales of each of said tracts, and providing that the debt of Miller be paid out of the sales of the 100 and the eighty four acre tracts, and that, as the proceeds of said two tracts were not sufficient to pay said Miller's debt, the balance of it should be paid out of any remainder of the proceeds of sale of the 200, the forty eight, and the fifty seven acre tracts in the proportion that the balance due him bears to the balance remaining of the proceeds of sale of said several tracts; and providing that as to the debts of Setzer and Ball respectively Setzer be paid out of any remaining proceeds of the several sales of the forty eight and the fifty seven acre tracts, and Ball out of any remaining proceeds of the 200 acre tract, and proving that if then there should be any balance, subsequent liens be paid as before decreed. It is from this decree distributing said proceeds of the sale that Setzer appeals.

Here are four creditors, McCulloch, Miller, Setzer, and Ball—McCulloch first, Miller second, Setzer third, Ball

fourth in time. McCulloch has the first lien on the 200, the forty eight, and the fifty seven acres. Miller has a general lien by judgment on those three and the other two of the five tracts, a first lien as to the 100 and the eighty four acres, a second as to the 200, the forty eight, and the fifty seven acres. Setzer has a lien on the forty eight, the fifty seven, the eighty four, and the 100 acres, being second as to the eighty four and the 100 acres, and third as to the forty eight and the fifty seven acres. Ball's general judgment-lien is later than all. The principle of marshalling assets in general terms declares that a credtior who has two funds open to him, while another creditor has but one, should not take the latter fund without placing the fund within his reach at the disposal of the creditor whom he has deprived of the means of payment; and, if he neglects or refuses to to fulfil this duty, it may be enforced by a decree of subrogation, that is after the creditor of two funds has exhausted the fund of the creditor of one fund, leaving the other unpaid. *Hudkins* v. *Ward*, 30 W. Va. 204 (3 S. E, Rep. 600); *Alston* v. *Munford*, 1 Brock. 266 ; *Aldrich* v. *Cooper*, 2 Lead. Cas. Eq. pt. 1, page 255. And when, before any action has been taken, a court of equity is called upon to act with all the parties before it, it will enforce the principle that when a creditor has a lien on two funds for the same debt, and another creditor has a subsequent lien on one of the funds only, equity will require the former to resort, in the first instance, to the fund upon which the subsequent creditor has no lien. Citations above. 3 Pom. Eq. Jur. § 1414; 1 Story Eq. Jur. 8 633; *Bank* v. *Wilson*, 25 W. Va. 243.

Applying this law to this case, McCulloch's debt, by the decree of sale, should have been paid first out of the 200 acres, if they were adequate for its payment, and, if not, then out of the forty-eight and the fifty-seven acres. Why so? Because Setzer had a lien on the forty eight and the fifty seven acres, but none on the 200 acres, while McCulloch's debt bound all three. This is clearly the rule as between McCulloch and Setzer. McCulloch could not exhaust the forty eight and the fifty seven acres, take these away from Setzer, and not touch the 200 acres but he must, on the contrary, exhaust that before he can touch the forty eight and fifty seven acres.

Then comes Miller, with a lien on all the tracts. But has Setzer any right to dictate that Miller shall, in the first instance, look to any particular tracts? Certainly he has, and for the same reason which enabled Setzer to compel McCulloch to go first on the 200 acres; that is, that Miller has all five of the tracts at his command, while Setzer has only four of them. Therefore Setzer could demand that Miller go first on the 200 acres, on which Setzer had no lien, for any balance of its proceeds left after paying McCulloch, so as to leave Setzer's tracts to answer his debt.

Thus, as between these three lienors, McCulloch, Miller, and Setzer, by this process we recognize the preference of McCulloch over Miller, and of both McCulloch and Miller over Setzer; but by throwing them first on the 200 acres, and on its inadequacy on the forty eight and the fifty seven acres, we preserve, as far as possible consistently with their rights, the tracts on which Setzer has a lien for his payment. But does this harm Ball? It does; but he is subsequent in time and right. Setzer must get all the advantage which his position in date of lien gives him over Ball, including herein his right to have the debts of McCulloch and Miller marshalled in the manner fixed by law. That is as much a part of his right under the law as is the simple lien of his deed of trust. It existed under the law as between those three before Ball's judgment was in being. The decree of October 23, 1888, distributing the proceeds of sales, is erroneous to Setzer's prejudice, because it pays McCulloch's debt partly out of the proceeds of the 200, partly out of the proceeds of the forty eight acres, and partly out of the proceeds of the fifty seven acres, instead of paying it entirely out of the proceeds of sale of the 200 acres, if sufficient; and is also erroneous in paying Miller's debt by the exhaustion of the 100 and the eighty four acres, and finishing its payment proportionately out of the proceeds of the 200, the forty eight, and the fifty seven acres, instead of applying on the Miller debt the whole balance from the sale of the 200 acres after paying McCulloch's debt, and then finishing payment of Miller's debt out of the other tract; and erroneous because it limits Setzer to a balance of the proceeds of the forty eight and the fifty seven acres, and allows Ball payment out of the

balance of the proceeds of sale of the 200 acres after paying McCullock's debt.

It is argued that Setzer did not except to the commissioner's report. It is true, that where there is no error on the face of a report, and it depends on extraneous evidence, a party must except; but in this case all the matters on which the right to have the liens so marshalled are stated in the bill, and thus the error would appear on the face of the report, in a legal point of view, and would avail in this Court without exception below. *Bank* v: *Shirley*, 26 W. Va. 563. But in fact there is no error in the report, unless in failing to report that such marshalling should be decreed; but I regard that as a matter for the court in decreeing on the report.

The report is right in the rank it assigns to the liens. Therefore the decree of the 23d of October, 1888, distributing the proceeds of the sales made in the cause, is reversed at the costs of James Ball; and this Court, entering such decree as the Circuit Court ought to have entered, doth adjudge, order and decree, that H. R. Howard, special commissioner in this cause, do pay the net proceeds of sales of land made by him under decree in this cause as follows: "To H. G. Nease, sheriff, for taxes of 1887, $46.40 on the 200 acre tract, $8.36 on the forty eight acre tract, $8.87 on the fifty seven acre tract, $19.50 on the eighty four acre tract, and $13.80 on the 100 acre tract, making $88.30, paying each sum out of the proceeds of the tract of land to which it relates; then pay out of the proceeds of the 200 acres the debt decreed to J. D. McCulloch by the decree pronounced in this cause on the 18th day of May, 1888, and pay the balance of the proceeds of the sale of that tract to C. C. Miller, assignee, on the debt decreed him by the decree aforesaid, and finish the payment of said Miller's debt out of the proceeds of the sale of the other tracts; and next pay out of the proceeds of the sale of the other tracts the debt decreed to George W. Setzer by the aforesaid decree, if sufficient to pay it; and the balance, if any, pay to James Ball on the debt decreed him by the aforesaid decree; and, if still there remain a balance, pay it on other debts decreed by the aforesaid decree in order as by it prescribed.

REVERSED.