# CHARLESTON.

FIRST NATIONAL BANK OF HUNTINGTON *v.* SIMMS *et al.*

Decided March 30, 1901.

1. COMMISSIONER'S REPORT—*Exceptions.*

    It is error for the circuit court, after confirming a commissioner's report without exception thereto, to change the priorities of the liens as ascertained and determined by such report, no error of law appearing on the face thereof. (p. 447.)

2. MARSHALING—*Liens—Priorities.*

    It is error for the circuit court not to determine, by marshaling the same, out of which of the proceeds of several properties various judgments and trust liens should be paid according to their priorities. (p. 448).

3. CREDITORS—*Separate Properties—Subrogation.*

    As between two trust creditors of the same debtor, secured on separate properties, a prior judgment lien must be first paid

out of the proceeds of the property subject to the second trust, to the relief of the property subject to the first, both by reason of the statute and the doctrine of subrogation. (p. 448).

4.  TRUST LIEN—*Release*—*Priority.*

If a prior judgment lienor releases the property subject to a second deed of trust, the proceeds of which are amply sufficient to satisfy his judgment lien, he cannot enforce payment of such judgment lien out of the property subject to a first deed of trust until such latter trust is fully satisfied. (p. 449).

Appeal from Circuit Court, Cabell County.

Bill of review by the First National Bank of Huntington in the case of Simms & Enslow against the Old Dominion Building & Loan Association and others. From a decree of dismissal the bank appeals.

*Reversed.*

VINSON & THOMPSON, for appellant.

SIMMS & ENSLOW, *pro se.*

DENT, JUDGE:

The First National Bank of Huntington appeals from a decree dismissing a bill of review filed by it in the case of Simms & Enslow, assignees, etc., against the Old Dominion Building and Loan Association and others.

The principal error sought to be corrected is alleged to be in the decree of sale entered in said suit on the 28th day of July, 1898. The commissioner reported as to certain real estate of the debtor Buffington the liens thereon were as follows: As to tracts Nos. 1, 2 and 3, the first lien was a judgment in favor of George S. Laidley, amounting to one thousand fifty dollars and forty-five cents, the second lien a judgment in favor of D. J. Jenkins, amounting to five hundred and fifty-six dollars and thirty-five cents, and as to tract No. 4, the Laidley judgment was the first lien, a trust deed due to the Old Dominion B. & L. Association, amounting to one thousand eight hundred and twenty dollars, the second lien, and the third lien the Jenkins judgment. As to tract No. 5, the first lien was the Laidley judgment, the second lien a trust deed in favor of the First National Bank of Huntington, amounting to fifteen thousand dollars, and the third lien the Jenkins judgment. The circuit court in its decree confirmed the commissioner's report without exception as to the priority of the liens, and then for some inexplicable reason

other than mere clerical misprison changed the priorities of these liens as to said fourth tract, giving the Old Dominion B. & L. Association lien priority over the Laidley judgment. This is directly contrary to the commissioner's report confirmed by the decree, and renders the decree contradictory on its face when taken in connection with the report. The decree then stops short and fails to marshal the assets as to these conflicting liens and determine out of the proceeds of which of the various properties decreed to be sold the Laidley judgment should be first paid, and this is still undetermined, and has given rise to this controversy. The circuit court had no right, no error appearing on the face thereof, to depart from the commissioner's report, but having confirmed it, should have strictly followed the same in its decree. This departure from the report without excuse must be regarded as a mere clerical misprison amendable under section 5, chapter 134, Code, and therefore reviewable in this manner. In the answer to the bill of review it is hinted that the judgment creditor Laidley released his priority of lien as to tract No. 4 in favor of the Old Dominion B. & L. Association, and this is urged as an excuse for the court's decree, but there is no evidence or pleading relating to this matter nor does such release appear anywhere in the record, and while the judgment creditor Laidley could make such a release and permit the decree to reform the report in this respect, he could not do so to the injury of innocent third parties; that is to say, if the trust lienor on tract No. 5 had the right to have the Laidley judgment lien first paid out of tract No. 4 to the relief of tract No. 5, then the release of tract No. 4 by the judgment lienor would also release tract No. 5 from such lien.

There can be no question that a deed of trust creditor is an alienee for value, and entitled to have prior judgment lienors enforce their judgments against lands unaliened at the date of such trust, even against subsequent trust creditor under section 8, chapter 139, Code. This is also the settled law of subrogation, that a trust creditor may require a judgment lienor to resort to lands of the debtor not subject to such trust even though such lands are subject to subsequent trust liens. *Ball* v. *Setzer,* 33 W. Va. 444; *Wood* v. *Douglass,* 46 W. Va. 657.

The entry of the decree being a plain and unwarranted departure from the confirmed report of the commissioner to the prejudice of the appellant, it was entitled to file its bill of re-

view to correct the same, and when corrected to have the assets marshalled by court rather than by the commissioner, that the fund out of which the Laidley judgment is entitled to payment, if at all, might be determined. *Ball* v. *Setzer,* cited. If Laidley released tract No. 4 to the injury and without the consent of the appellant, he cannot enforce payment of his judgment lien out of tract No. 5, for tract No. 4 produced proceeds sufficient to pay off such judgment. Appellant also mentions in its bill of review another tract of land known as the "Chapman farm," as being first subject to Laidley's judgment, and as not having been reported on by the commissioner, but as the only object of the appellant is to relieve tract No. 5 from the lien of such judgment, and it appearing that the proceeds of tract No. 4 is ample for this purpose, and that whether the same is liable therefor or has been relieved therefrom by the act of Laidley, the proceeds of tract No. 5 are exempt therefrom, appellant is no longer interested in any other lands that may be liable to Laidley's judgment, and this portion of the bill may be treated as surplusage. Nor does the confirmation of the sale of tract No. 5 to the appellant estop it from having such error corrected. It was an error of law open to all of which no one is supposed to be ignorant, but of which all are presumed to be cognizant, which could not therefore operate as an estoppel but from the decrees it was fully understood by all the parties that the matter would be litigated to a finality by the appellant.

The decree dismissing the bill of review is reversed, and the cause is remanded to the circuit court, with directions to correct the decrees of sale in conformity with the commissioner's report, and then to marshal the proceeds of the sales of the properties in accordance with the principles of equity heretofore herein indicated to the relief of the appellant without prejudice to the rights of the Old Dominion B. & L. Association against the judgment creditor Laidley, as admitted in his answer to the bill of review.

*Reversed.*