# CHARLESTON.

ARNOLD, ABNEY & Co. *v.* SLAUGHTER *et ux.*

Submitted February 3, 1892.—Decided April 23, 1892.

1. EXCEPTIONS—JURAT.

When no exception or objection was taken in the court below, so far as the record shows, to the filing of an answer in chancery, because not verified by affidavit, or because the affidavit is defective, it is too late to make the objection in the appellate court. (p. 595.)

2  ANSWER—JURAT.

Where the bill is sworn to by only one of a large number of plaintiffs, the affidavit of one defendant to the answer will generally be regarded as sufficient, and, if the plaintiffs desire to probe the consciences of all the defendants, the objection should be taken in the Circuit Court, and they should file interrogatories, or ask the assistance of that court in requiring all the defendants to answer under oath.   (p. 595.)

3.  EXCEPTIONS.

As applied to an answer in chancery, exceptions are allegations in writing, and they should state the particular points or matters with respect to which the complainant considers the answer insufficient as a response to the bill, or scandalous or impertinent, or improperly verified where verification is necessary. The object of exceptions is to direct the attention of the court to the points excepted to, and to take its opinion thereon before further proceedings are had, to the end that, if the answer is insufficient, a better answer may be compelled, or, if scandalous or impertinent, that the scandalous or impertinent matter may be expunged, or, if improperly verified, that the affidavit or jurat may be corrected· (p. 596.)

4.  COMMISSIONER IN CHANCERY.

The evidence taken before a commissioner in chancery, and upon which he bases his report, does not become a part of such report unless exceptions are taken during the period when the report lies in his office, and he has set up the evidence upon which the exceptions are based; or he may, of his own motion, where he has a doubt as to the weight of testimony upon a particular point, send up the evidence upon that point; but, in either event, the commissioner himself must certify that he has sent up the evidence in such manner as to make it manifest by the report itself that the evidence has been sent up.   But any party may except to such report at the first term of the court to which it is returned, or, by leave of court, after said term; and there can be no doubt that the court may, on its own advice, or on motion of a party, direct the evidence to be sent up; but this is a matter within its own discretion, and the appellate court will not interfere with its exercise of such discretion unless it plainly appear that manifest injustice and injury have resulted.   (p. 596.)

5.  The case of *Greer* v. *O'Brien, supra* 277 (15 S. E. Rep. 74) approved, and the principles there decided reaffirmed.   (p. 597.)

*Payne & Payne* for appellants cited 1 Dan. Ch'y Pl. & Pr. (5th. Ed.) § 748; 6 Paige 654; 1 Paige 422; 24 W. Va. 130; Id. 411; 13 W. Va. 29; 24 W. Va. 405; 32 W. Va. 447; 24 W. Va. 199; 29 W. Va. 441; Schou. Dom. Rel. § 155; 32 W. Va. 203; 27 W. Va. 393; 21 W. Va. 220;

25 W. Va. 423; 27 W. Va. 227; Code, c. 129, s. 7; 10 W. Va. 104; 94 U. S. 580; 32 W. Va. 44; 67 Ill. 164; 55 Ill. 352; 128 U. S. 134; 22 W. Va. 585; 11 W. Va. 135; 24 W. Va. 205; 32 W. Va. 213; 27 W. Va. 209.

*Flournoy & Price* for appellees cited 26 W. Va. 488; 1 Sto. Eq. Jur. § 547; Code, c. 86, s. 7; 30 W. Va. 198; 11 W. Va. 127; Code, c. 74, s. 2; 10 W. Va. 87; 11 Ga. 405-411; 25 W. Va. 242; 3 Johns. Ch'y 481; 6 W. Va. 702; 3 Rand, 504; 6 W. Va. 168, 172, 177, 178; 44 Barb. 166; 13 How. (U. S.) 345; 14 W. Va. 264; 8 Wheat. 229; 24 W. Va. 541, 542; 21 W Va 220; 27 W. Va. 393; 25 W. Va. 423; 9 W. Va. 524;

LUCAS, PRESIDENT:

This was a suit instituted by the plaintiffs Arnold, Abney & Co., who are now the appellants in this Court, and for P. H. Noyes & Co., Gates & Chamberlain, Handley & Co., and Henry N. Bailey, creditors of John W. Slaughter, against said Slaughter and his wife, Sonora J. Slaughter, for the purpose of recovering certain debts due to said parties respectively.

It is charged in the bill that John W. Slaughter had contracted these debts while he was insolvent;—that he began merchandising at Oak Hill, about 1884; that in 1886 he made valuable improvements on his wife's lands;—that on the 17th of September, 1887, he failed, and made an assignment, his liabilities being one thousand, eight hundred and seventy five dollars, his assets about six hundred dollars. The prayer of the bill was that these debts might be enforced as a charge upon two acres and a half of land owned by the defendant Sonora J. Slaughter, upon which it was alleged the said John W. Slaughter had made valuable improvements, amounting to about six hundred dollars in value.

The bill was taken for confessed as to said John W. Slaughter, and the cause referred to a commissioner, to report the liens upon said lands, the debts due from the defendant John W. Slaughter, what real estate he owned at the time the suit was instituted, what improvements had been made upon said lot, whether John W. Slaughter was

indebted at the time of making them, and to what extent, how the improvements had been paid for, and requiring the clerk to convene the creditors holding liens against the said lands. This order of reference was made on the 9th of March, 1888. On that day the defendant tendered her separate answer, sworn to by her husband, to the filing of which the plaintiffs objected; but the objections were overruled by the court, and the answer was ordered to be filed, and it was replied to generally. The plaintiffs proceeded to take the depositions of three or four witnesses, which when completed, were filed in the clerk's office on the 30th of July, 1888.

The commissioner to whom the cause had been referred did not take up the matters referred to him under the order of reference until the 16th of April, 1891, completed his report on the 24th of April following, and, after retaining it in his office ten days for exceptions, returned and filed it in the clerk's office on the 7th of May, 1891.

On the 23d of May following the creditors filed three exceptions to the report as follows: "*First.* The plaintiffs and P. H. Noyes & Co. and others, creditors named in the bill, except to all the findings of Commissioner Brazic in the foregoing report, except the second and fifth, because such findings are contrary to the evidence before him, and because there was no evidence before him which justified such findings. *Second.* The plaintiffs Arnold, Abney & Co., and also P. H. Noyes & Co., Gates & Chamberlain, Handley & Co., and Henry N. Bailey, except to the foregoing report, because their debts, respectively, were not allowed by the commissioner as charges against the real estate of Sonora J. Slaughter, defendant, to the extent of the improvements put upon said real estate by her husband, J. W. Slaughter. *Third.* For other manifest errors.

The report of the commissioner, on which these exceptions were indorsed, was as follows:

"Your commissioner, to whom was referred the chancery suit now pending in your honor's court, wherein Arnold, Abney & Co., are plaintiffs and S. J. Slaughter and J. W. Slaughter are defendants, would most respectfully report that, after convening the creditors of the defendants, and

taking depositions, and maturely considering the evidence adduced, your commissioner finds and reports as follows :

"*First.* That there are no liens existing against the tract of land mentioned in the bill of complaint.

"*Second.* Your commissioner finds that the debts due from the defendant J. W. Slaughter, to whom due, and the amounts thereof, are set out in the trust deed from J. W. Slaughter to J. W. St. Clair, trustee, which is filed as an exhibit in this suit, and hereby referred to as a part of this report.

"*Third.* The defendant J. W. Slaughter was not possessed of any real estate at the time this suit was instituted. Prior to that time he had been the owner of several tracts of land, but they had been all sold before the commencement of this suit.

"*Fourth.* The improvement put upon the tract of land mentioned in plaintiffs' bill was an additional story placed upon the house there situate ; value of improvements about six hundred dollars, and were paid for by the defendant Sonora J. Slaughter out of her separate estate.

"*Fifth.* The defendant J. W. Slaughter was indebted at the time the improvements were made on the land mentioned in the bill, but the amount of such indebtedness your commissioner has been unable to ascertain.

"*Sixth.* The improvements made on the land mentioned were paid for by S. J. Slaughter, she furnishing eight hundred dollars to the defendant J. W. Slaughter for that purpose, who, it appears, did pay for the material and labor in the improvements in part out of the goods in the store of J. W. Slaughter, and used the eight hundred dollars paid for said improvements in buying said goods. Neither party requiring anything further to be reported, this report is respectfully submitted.

"H. W. BRAZIE, Commissioner."

"The above report having been retained in my office for more than ten days, and no exceptions being filed thereto or endorsed thereon, the same is, this 7th day of May, 1891, filed in the office of the Clerk of the Circuit Court.

"H. W. BRAZIE, Commissioner."

After the reports had been returned, the deposition of

J. W. Slaughter was taken on behalf of the plaintiffs, as stated in the caption of the depositions, "by consent of counsel." This deposition purports in the caption to have been taken on the 16th of April, but was apparently not closed nor certified until the 4th day of May.

When the case came on to be finally heard on the 24th day of September, 1891, the following motions were made by the plaintiffs, as appears from the face of the decree itself: (1) To allow Commissioner Brazie to amend his report, by showing that he filed the deposition of J. W. Slaughter, taken by him, with the clerk of this court, on the same day and at the same time that he filed his said report, but not as a part of said report; (2) to refer this cause back to a commissioner of this court, with directions to report whether the said deposition of J. W. Slaughter should be read as evidence on behalf of the plaintiffs or defendants, and for report upon the exceptions of the plaintiffs to said Commissioner Brazie's report; (3) to require the defendants to file so much of the deposition of J. W. Slaughter as was taken by the defendants before C. T. Jones, a notary public, referred to in the said affidavits and counter affidavits filed in this cause, hereinbefore referred to; (4) that the court order the depositions and other evidence taken before the commissioner upon the making of the report to be sent up and considered by the court upon the hearing.

All of these motions the court overruled, and then proceeded to adjudicate the cause by overruling the exceptions of the plaintiff to the commissioner's report, which was duly approved and confirmed, and the cause dismissed at the costs of the plaintiffs.

From this decree the plaintiffs have prosecuted this appeal.

The appellees upon their part have assigned in their brief as error, that the Circuit Court ought to have sustained the demurrer to the bill and dismissed the same upon demurrer. Upon examining the bill, we find it sufficiently averred that during the time and at the time the defendant J. W. Slaughter was making improvements upon his wife's lot, he was indebted to the plaintiffs.

Under the decisions of this Court such a diversion of the

husband's means and their investment in his wife's property constitute a voluntary donation to the wife, which, as against existing creditors, is void, though as to subsequent creditors an actual fraudulent intent must be charged and proved. In this case the bill does not charge any such intent on the part of either husband or wife, but it does charge, inferentially at least, that their claims were existing debts when the diversion and investments were made; hence we think the demurrer was properly overruled.

The first assignment of error on the part of the appellants is that the Circuit Court erred in overruling the objection of the plaintiffs to the answer of Sonora J. Slaughter, and in permitting the same to be filed. The objections now taken, and for the first time specified in the appellate court, are that the answer is not responsive to the bill, is evasive, and was not sworn to by said Sonora J. Slaughter, but by her co-defendant and husband, against whom the bill had been taken for confessed. Upon turning to the record, however, we find that no defect is specified or pointed out, but the objection is simply, in general terms, viz., "to the filing of which (answer) the complainants objected; which objection being considered by the court is overruled." The language of this objection could not possibly apply to the *jurat* appended to the answer, unless the attention of the Circuit Court were called to the alleged defect, which, as appears by the record, was not done.

In the case of *Burlew* v. *Quarrier*, 16 W. Va. 109, point 11 of the syllabus, it is held: "When no exception or objection was taken in the court below, so far as the record shows, to an answer in chancery, or to the filing thereof, because not verified by affidavit, it is too late to make the objection in the appellate court." In that case there was an exception taken to the filing of the answer, just as there was in this case, but, so far as the record shows, no specific objection was made to the *jurat*, and the court decided, therefore, that the point could not be made for the first time in the appellate court.

Were we at liberty to consider the question, I should be inclined to think the affidavit sufficient. The bill was sworn to by but one of a large number of plaintiffs, and it is diffi-

cult to perceive why, in such case, the affidavit of one defendant might not be regarded as sufficient. See 1 Daniel Ch'y Pl. & Pr. 396. If not so regarded, and the plaintiffs desire to probe the consciences of the defendants, they should take the objection in the Circuit Court, and file interrogatories or ask the assistance of that court in making all the defendants answer under oath.

As for objections to the substance of the answer as evasive, insufficient, or irresponsible, we hold that they are not applicable to this answer, which does specifically deny all the allegations of the bill upon which relief could be founded. It may be questioned, moreover, whether a general objection to the filing of an answer such as that disclosed by this record could avail the plaintiffs, since, under the ruling of this Court in *Richardson* v. *Donahoo*, 16 W. Va. 685, it was held: "Exceptions are allegations in writing, stating the particular points or matters with respect to which the complainant considers the answer insufficient as a response to the bill, or scandalous or impertinent. The object of exceptions is to direct the attention of the court to the points excepted to, and to take its opinion thereon before further proceedings are had, to the end that, if the answer is insufficient, a better answer may be compelled, or, if scandalous or impertinent, that the scandalous or impertinent matter may be expunged."

The second error assigned is in referring the case to a commissioner. Such a reference is usual and proper in such cases, at the discretion of the Circuit Court, and there was therefore no error in ordering a reference. That the reference went beyond the objects of the suit is not a matter of which the appellants can complain, as they have suffered no injury therefrom.

All the further assignments of error are directed against the erroneous action of the court, as alleged, in entering the final decree, and the adjudications embraced therein. Upon examining this decree it does not recite any depositions taken, and this for the obvious reason that none were sent up by the commissioner as part of his report.

The rules of practice upon this subject are well settled in this Court. The evidence taken before the commissioner,

upon which he bases his report, does not become a part of such report unless exceptions are taken during the period when the report lies in his office, and he has sent up the evidence upon which the 'exceptions are based; or he may, of his own motion, where he has a doubt as to the weight of testimony upon a particular point, send up the evidence upon that point; but, in either event, the commissioner himself must certify that he has sent up the evidence in such manner as to make it manifest by the report itself that the evidence has been sent up.

The Code provides (chapter 129, § 7) that, when the report is completed, unless it is otherwise ordered by the court or agreed by the parties, the commissioner shall retain it ten days for their examination. Any party, without being at the expense of taking a copy, may inspect the report, and file the exceptions thereto; and the commissioner shall, with his report, return the exceptions, and such remarks thereon as he may deem pertinent, and the evidence relating thereto. But any party may except to such report at the first term of the court to which it is returned, or, by leave of court, after said term. There can be no doubt that the Circuit Court may, on its own advice or on motion of a party, direct the evidence to be sent up; but this is a matter within its own discretion, and this court will not interfere with the exercise of such discretion, unless it plainly appears that manifest injustice and injury have resulted. See *Thompson* v. *Catlett*, 24 W. Va. 524; *Lynch* v. *Henry*, 25 W. Va. 416; *Chapman* v. *McMillan*, 27 W. Va. 220; *Anderson* v. *Caraway*, Id. 385. In the present case we can not say that any such injury has resulted.

Were we at liberty to look into the evidence which the clerk certifies was taken, but which is no part of the record, we should be compelled to decide that it fails to establish such a case as would entitle the plaintiffs to any relief.

In the case of *Greer* v. *O'Brien*, *supra* 277 15 S. E. Rep. 74 we collated and re-affirmed the principles which had been established in this State upon the subject of voluntary conveyances and donations, and we refer to that case for a discussion and elaboration of the principles which must govern our decision in this. We there held that in ordi-

nary cases the Circuit Court has only to ascertain what debts existed when the voluntary donation was made, and to declare it as to them void, and as to all subsequent creditors valid. If the latter desire to attack the deed, the burden is on them to prove an actual fraudulent intent attaching to its inception and execution. The mere circumstances that the settlement is voluntary, and the party who made it indebted at the time, have ceased to have any material weight, until the subsequent creditor has connected them as links in a chain with some covinous device, or circumstances indicating actual fraudulent intent. In the present case the bill does not even charge any actual fraud, and when it turns out that all the plaintiffs are subsequent creditors the Circuit Court had no alternative but to dismiss the bill, and in this we find no error.

The decree complained of must be affirmed.

AFFIRMED.