## CHARLESTON.

GUNN v. OHIO RIVER R'D CO.

Submitted September 13, 1892.—Decided December 22, 1892.

1. JURIES—DISCRETION OF COURT—VIEW BY JURY—EVIDENCE— RAILROAD COMPANIES—NEGLIGENCE.

The syllabus in *Gunn* v. *Railroad Co.*, 36 W. Va. 165 (14 S. E. Rep. 465) applied to this case.

2. BILL OF EXCEPTIONS.

When a bill of exceptions makes such reference to a paper, as will enable it to be safely copied into the record and acted on as the true paper, said reference makes said paper a part of said bill.

GUNN & GIBBONS, C. E. HOGG, J. E. BELLER and W. E. BELLER, for plaintiff in error:

I.—*Negligence.*—Pierce R'ds 336; 55 N. Y. 562; 60 N. Y. 326; Deer. Neg. § 261; 75 Mo. 595; 84 Va. 63; 5 S. E. Rep. 577: 58 Ala. 672; 36 Md. 366; 50 Mo. 461; 38 Ill. 483; 34 N. Y. 622; 36 Md. 542; 60 Mo. 475; 106 N. C. 404; 3 Wood R'y Law § 417 (n. 13); 10 S. E. Rep. 988; 12 S. E. Rep. 77; 10 Ired. 402; 25 Mich. 279; 5 Sneed 524; 52 Tex. 178; 27 Conn. 393; 56 Cal. 513; 52 Ia. 533; 92 Ill. 245; 5 Hun 479; 62 Cal. 322; 34 Am. & Eng. R'd Cas. 318; 37 Cal. 409; 4 Col. 524; 64 Mo. 430; 31 Gratt. 812; 38 Ia. 539; 17 Ind. 102; 71

Ill. 500; 54 Tex. 615; 15 Am. & Eng. R'd Cas. 472; 19 Am. & Eng. R'd Cas. 91; Id. 102.

II.—*Engineer's duty to keep a lookout.*—101 Mass. 455; 10 S. E. Rep. 990; 65 Ala. 74; 56 Ala. 507; 6 Am. & Eng. R'd Cas. 11; 54 Tex. 615; 8 Am. & Eng. R'd Cas. 65; 4 Am. & Eng. R'd Cas. 562; 28 Am. & Eng. R'd Cas. 565; 2 Am. & Eng. R'd Cas. 16; 13 S. E. Rep. 454; 22 Vt. 214; 17 W. Va. 202; Shear. & Red. Neg. § 48a; 59 Pa. St. 172; 16 Neb. 139; 21 Wend. 615; Beach Con. Neg. § 42; 27 Gratt. 755; 18 Ohio St. 408; 59 Tex. 64; 113 Pa. St. 412; 26 Conn. 591; 92 Pa. St. 450; 83 Ala. 371; 78 Ia. 396; 17 Wall. 657; 4 Am. & Eng. Ency. L. 88; Whar. Neg. § 312; Patt. R'y Acc. 93; 28 Am. & Eng. R'd Cas. 597.

III.—*Injury to a child on the track.*—9 W. Va. 254, p'ts 12, Syll.; Id. 271, p't 8, Syll.; 17 W. Va. 171, p't 9, 10, Syll. 25 W. Va. 578; 26 W. Va. 455; 30 W. Va. 228; 12 S. E. Rep. 77; 3 S. E. Rep. 701; 15 Am. & Eng. R'd Cas. 394; 19 Id. 91; 8 Id. 306; 34 Id. 69, 81; 8 Id. 314; 10 Id. 712; 4 Id. 572; 6 Id. 19; 15 Id. 406; 25 Id. 356; 31 Id. 375, 415; 34 Id. 56; 28 Id. 596; 31 Id. 423.

IV.—*Speed of trains should be diminished when unknown object is seen on track.*—19 Am. & Eng. R'd Cas. 91; 34 W. Va. 514; Patt. R'y Acc. 8; 44 Pa. St. 375; Pierce R'ds 143.

V.—*Modes of proving gross negligence.*—1 Am. & Eng. R'd Cas. 115; Id. 65.

VI.—*Questions involved here were for the jury.*—7 Am. & Eng. R'd Cas. 400; 9 Id. 161; 10 Id. 742; 4 Id. 574; 11 Id. 421; 28 Id. 514; 6 Id. 96; 1 Id. 128; 6 Id. 59; 8 Id. 360; 8 W. Va. 568; Id. 515; 25 W. Va. 570; 30 W. Va. 228; 6 W. Va. 508; 18 W. Va. 579; 29 W. Va. 528; 6 Gratt. 712; 26 W. Va. 116; 12 Grant 717; 17 W. Va. 190; Whar. Ev. § 549.

VII.—*Admissions of engineer and conductors at time of accident.*—15 W. Va. 637; 16 Am. & Eng. R'd Cas. 580; 34 Id. 127; 28 Id. 459; 31 Id. 399; 30 Id. 590; 25 Id. 350; 8 Id. 162; 15 Id. 291; 14 S. E. Rep. 465.

V. B. ARCHER, for defendant in error:

I.—*When facts in one bill of exception may be considered in con-*

*nection with another.*—12 W. Va. 2, p't 5 Syll.; 3 Rand. 106; 2 Leigh. 639; 9 Gratt. 649; 1 Rob. (Old) Prac. 346, 347.

II.—*Documents to be part of the record must be made so by order of court.*—26 W. Va. 49, p't 4, Syll.; 31 W. Va. 354.

III.—*Mere reference to document in bill of exceptions not sufficient.*—2 Thomp. Trials § 2789; Pow. App. Pro. § 33*a* and notes; Hill. New Trials (2d Ed.) § 23 and cases cited; 3 Scam. 185; 3 Gil. 366; 26 Ill. 187; 4 Wall. 187; 17 Wall. 409.

IV.—*A Document not a part of the record can not be looked into by the Appellate Court in this state.*—13 W. Va. 160, p't 12 Syll.; 25 W. Va. 108; 9 Leigh. 347.

V.—*Clerk can not by certificate enlarge record.*—85 Va. 867, p't 3 Syll.

VI.—*On motion to set aside verdict as contrary to evidence, bill of exceptions must be taken, and facts or evidence certified in record.*—10 W. Va. 116, p't 6, Syll.; 16 W. Va. 327; 20 W. Va. 464, p't 6, Syll.; 23 W. Va. 472; 24 W. Va. 186; 24 W. Va. 747.

BRANNON, JUDGE:

William R. Gunn, as administrator of Luelza Mayes, deceased, brought an action in the Circuit Court of Mason county against the Ohio River Railroad Company to recover damages on account of the killing of said Luelza Mayes by a train on said railroad, and, the court having struck out the plaintiff's evidence as insufficient to sustain the action, verdict and judgment were rendered for the defendant, and said administrator brings the case here.

The appellant asks us to dismiss the writ of error because the record does not show the amount in controversy to be over one hundred dollars; but the declaration, brought upon *certiorari*, shows a claim of ten thousand dollars damages, which gives jurisdiction to this Court. *Machine Works* v. *Craig*, 18 W. Va. 559.

It is said we can not consider the errors assigned for excluding the plaintiff's evidence and refusing a new trial, because the evidence is not a part of the record; that the bill of exceptions does not present it. On inspection of the

record we find that a bill of exceptions to the action of the court in excluding the plaintiff's evidence and refusing a new trial sufficiently refers for its identification to another paper signed by the judge immediately preceding it in the record, which paper states that "the evidence in this case is the same as that in the case of *W. R. Gunn, Administrator of Henry C. Mayes, Deceased* v. *The Ohio River Railroad Company,* tried in said court, and in which the testimony has already been certified and embraced in bill of exceptions No. 1, and to which reference is hereby made for the full testimony in this case."

This bill of exceptions appears in the record of the case of *Gunn* v. *Railroad Co.,* 36 W. Va. 165 (14 S. E. Rep. 465) heretofore in this court. We think this reference by this bill of exceptions in this case to bill of exceptions No. 1 in that case identifies it with reasonable certainty, so that we can safely without any danger to any party treat it as the evidence given in the case.

It is true very considerable skill and accuracy are required in the preparation of bills of exceptions, so as to bring into the record as parts of it documents not intrinsically part of the record. The usual mode is to incorporate them in their very words, but it is not the universal mode. We must not be so technical here as to defeat justice. If such reference to the paper is made in the bill of exceptions as will enable it to be safely copied into the record, and acted on as the true paper, it is sufficient under the rule, that where one paper refers to another the latter is to be deemed a part of the former. The United States Supreme Court recognizes this in *Leftwitch* v. *Lecanu,* 4 Wall. 187, in the following syllabus: "When a paper which is to constitute a part of a bill of exceptions is not incorporated into the body of the bill, it must be annexed to it, or so marked by letter, number, or other means of identification mentioned in the bill as to leave no doubt, when found in the record, that it is the one referred to in the bill of exceptions; otherwise it will be disregarded." See *Richardson* v. *Donehoo,* 16 W. Va. 687, Syllabus, p't 13; *Craig* v. *Sebrell,* 9 Gratt. 431; Pow. App. Proc. 233, § 33a.

Inspecting the evidence we think the court erred in with-

drawing it from the jury. The child whose killing is involved in this case is one of two children killed in the same lamentable occurrence, and under the same circumstances; the case of the other, Henry C. Mayes, having been before this Court, and reported in 36 W. Va. 165 (14 S. E. Rep. 465); and, referring to that report, I deem it unnecessary to say more in this case, as the nature of the two cases and errors assigned are the same. Reversed, new trial awarded, and remanded.

REVERSED. REMANDED.