CHARLESTON.

KING v. BURDETT et al.

Submitted January 13, 1898—Decided April 2, 1898.

1. . COMMISSIONERS—*Report of Commissioner—Exceptions—Res Judicata.*

Where a debt is presented before a commissioner taking an account of debts or liens, and his report is silent as to it, and no decree is made upon the report, though the creditor did not except for the failure to report his debt, he is not barred from afterwards asserting it.  (p. 562).

2. COMMISSIONERS—*Report of Commissioner – Recommitment—Exceptions.*

Where a reference directs the commissioner to report upon a matter, and he does not, the court should recommit the report, without exception.  (p. 563).

3. COMMISSIONERS—*Report of Commissioner—Recommitment—Res Judicata.*

Where a report of a commissioner is recommitted for further report, though there was no exception to it for failure to report a debt, that does not preclude a party from afterwards asserting the debt.  (p. 563).

4. SALE OF REALTY—*Reasonable Time—Discretion of Court—Error.*

It is error to decree a sale of land for debt without giving a reasonable time for payment before sale.  The length of time is within the sound discretion of the court.  (p. 564).

Appeal from Circuit Court, Jackson County.

Suit by George S. M. King against one Burdett and others.  From a decree for plaintiff, defendants appeal.

*Modified.*

WM. A. PARSONS and WARREN MILLER, for appellants.

JOHN H. RILEY, for appellee.

BRANNON, PRESIDENT:

This chancery suit was to enforce the lien of two judgments of five hundred dollars and one thousand and sixty-eight dollars and seventy-five cents in favor of King against several persons, among them Campbell, against lands of the debtors, among them three tracts once owned by Campbell, resulting in a decree for their sale, and an appeal therefrom. There was a reference to a commissioner to convene holders of liens on Campbell's land, and there was a direction to the commissioner to ascertain and report what conveyances had been made by the judgment debtors of lands subject to the judgments. This clause would have relation to the three tracts involved in this appeal, as the bill asserted that they were owned by Campbell at the date of the judgments, but had been conveyed by him to William H. Sayre and Josephus Sayre. The commissioner made three reports under said references and recommittals, finding said five hundred dollar judgment a lien on said three tracts, but not finding the judgment for one thousand and sixty-eight dollars and seventy-five cents a lien, and not finding that it was not a lien. The judgment for five hundred dollars was docketed at the time of Campbell's conveyance to Sayre, but the other one was not. A decree was entered for the sale of land of one of the defendants, not the lands now involved, to pay debts mentioned in said report, but this decree was reversed by this Court (28 W. Va. 601), and later the court made a reference to a commissioner to ascertain what remained unpaid on the plaintiff's judgments, and, the commissioner reporting that the five hundred dollar judgment had been paid, and that a certain balance of the other judgment remained unpaid, the decree complained of was entered; and now the appellants contend that it is *res judicata* that the judgment for one thousand and sixty-eight dollars and seventy-five cents is not a lien, as the several reports failed to report it as a lien, and there was no exception for such failure, and therefore the report is to be

regarded correct as regards the law and the evidence touching the matters not excepted to. *Kester* v. *Lyon*, 40 W. Va. 161, (20 S. E. 933). Now, as to the reports re-committed, I do not see how they could be conclus-ive. But take the last report on which the reversed de-cree was entered. What is its effect? I would think that when a judgment is presented before a commissioner, and claimed as a lien, and is not reported upon at all, and a de-cree is pronounced upon the report, without exception, it would bar the judgment as a lien, because the judgment creditor, by presenting his judgment, becomes a party, and is bound by the report. Certainly, if such a *quasi* party would be bound, for stronger reasons would a plain-tiff who set up his judgment in the bill, he being a formal party. But this position is contrary to *Childs* v. *Hurd*, 32 W. Va. 68, (9 S. E. 362), holding that, if a com-missioner fails to report on a matter referred to him, the court should, without an exception, refer the matter to him again, and that "no one's right can be regarded as abandoned or prejudiced by failure to except to such a re-port." This is upon the theory that a report not report-ing upon a matter calls for no exception. But, whether or not such a report carried into a decree would bar, I feel sure that such a report not decreed upon would not bar. In this case, too, the circuit court did what *Childs* v. *Hurd* holds it should have done,—recommitted this report blank as to this matter, to ascertain what amount was due on the judgment, which is virtually a recommital,—and as excep-tions to a recommitted report will not be regarded upon the later report unless repeated, so it must be that a re-committed report, silent as to a particular matter, cannot have any force as to it. *Hooper* v. *Hooper*, 29 W. Va. 276, (1 S. E. 280); *Findley* v. *Findley*, 42 W. Va. 372, (26 S. E. 433). I add, that the reference to report what conveyance Campbell had made was erroneous, because at its date there was no charge that such conveyance of these lands was with notice on the part of the purchasers, nor any ev-idence of it, and it is error to refer a cause to a commis-sioner to take proof to establish the allegations of a bill. *Livey* v. *Winton*, 30 W. Va. 554, (4 S. E. 451); *Bank* v. *Par-sons*, 42 W. Va. 137, (24 S. E. 554). At the date of the re-

ports which are claimed to work the loss of the plaintiff's debt, there was nothing of evidence or allegation to warrant a report that the second judgment was a lien on the land in the hands of these purchasers. The court must first declare the conveyances void, and bring the lands under the liens. This reference, if not void, was erroneous, and ought to be corrected by refusing to give it effect as an interlocutory order to defeat the plaintiff's right as if regular. Without this wrong reference, the commissioner would have no authority to report on this matter, and a report on it would be null. Bart. Ch. Prac. 644. This reference comes near being itself null, based on no pleading or evidence. This report was never confirmed in express terms by the first decree, though counsel contends we must so regard it, as it decreed only liens reported, and not this lien; but it cannot be regarded a confirmation, even inferentially, as the decree was reversed. After reversal of the first decree an amended bill was filed, charging that when the purchasers took their conveyances they had notice of the judgment. Counsel contends that an amended bill cannot be filed after a final decree. So it cannot, but a reversed decree becomes no decree, and in steps the statute to allow an amended bill to charge the material matter of notice.

It is contended that, as a second amended bill charged nothing as to the appellants or their land, the decree against their land was erroneous; but the original and first amended bill charged enough to warrant the decree against the defendants' land. They were still in the case. Besides, this second amended bill makes reference to the original and first amended bill, and makes them a part thereof, and adopts their allegations. This surely made them parts of, or to be read with, the second amended bill.

It is assigned that it was error not to make a personal decree for the debts against the defendants. This did not agrieve, but benefited, appellants. There was already a personal judgment, and the suit was only to enforce its lien.

Appellants complain that no day was given before sale to redeem the land from sale. As an original question, I

would think that, as the debt was long past due, it would be no error not to give further time for payment before sale; but we must bow to authority holding such a provision in a decree necessary. *Rohrer* v. *Travers*, 11 W. Va. 146. I would think that, as the decree required four weeks' publication before sale, that would be a reasonable day; but *Rose* v. *Brown, Id.* 123, holds that not sufficient, but that there must be an additional indulgence given. The time of indulgence given is within the sound discretion of the court. *Harkins* v. *Forsyth*, 11 Leigh, 294. It seems a violation of the rights of the creditor, but courts of equity have long followed this practice. This is the only error in the case. The plaintiff, after notice to appellants, given before this appeal was taken, moved the circuit court to amend the decree in this respect, but, appellants resisting, the motion was overruled. Now, though we regard this error as one not clerical, but judicial, the plaintiff offered to make the amendment a consent one, and the appellants should have accepted it, without prejudice in other respects, and the court should have made it. We will not reverse the decree, with costs, for this sole error, but modify it by providing that, if the moneys required to be paid by the decree shall not be paid within thirty days after the mandate shall be filed in the office of the circuit court, the decree may be executed, and give costs to appellee.

*Modified.*