---

WALWORTH v. BIRCH.

Opinion delivered December 10, 1906.

1.  MASTER—RESTATING ACCOUNT—HEARING ADDITIONAL EVIDENCE.—Where a master was directed to restate his account so as to make it conform to the court's ruling, without directions to take further evidence, he had no authority to hear additional evidence. (Page 55.)

2.  SAME—EXCEPTIONS UPON RECOMMITTAL.—Where a master's original report was excepted to by plaintiffs, and some of their exceptions were sustained, and a second report was filed by him in which material changes were made sustaining some of the exceptions to the original report, an exception to the second report to the effect that plaintiffs excepted, "as in the original exceptions filed herein to original report" was not specific enough to point out any objection to the second report. (Page 55.)

Appeal from Desha Chancery Court; *Marcus L. Hawkins,* Chancellor; affirmed.

STATEMENT BY THE COURT.

Clara Walworth and others brought an action in equity against Thomas Birch and others to recover possession of the west half and southeast quarter of section 4, township 12 south, range 3 west, in Desha County, and to cancel a tax deed under which defendants held the land, alleging as a reason for going into equity that they held an equitable title to the land, and for that reason their remedy at law was inadequate. The tax deed under which the defendants held the land was based on a tax sale in 1894 for nonpayment of taxes of 1893. The defendants, in addition to setting up this tax title, alleged that they had taken possession thereunder, paid taxes and made permanent and valuable improvements on the land, and asked that they be allowed

pay for the same in the event that the title of plaintiff should be sustained.

On the hearing the court held that the tax title under which defendants held was void on account of the failure of the clerk to make a certificate upon the records showing publication of notice as required by statute. The court also held that plaintiffs were entitled to recover the possession of the land, rents from the time suit was commenced and offer to redeem made, the value of timber cut, and costs. That the defendants were entitled to recover the original sum paid at the tax sale and for a deed, and for all taxes paid on the land since the purchase and the value of improvements made on the land before the suit was commenced, with ten per cent. interest on all such sums. The court thereupon appointed the clerk of the court master to take evidence and state an account between plaintiffs and defendants. The master took depositions of witnesses, stated the account and made a report to the court.

The plaintiffs by attorney filed various exceptions to the report, and also asked the court to set the same aside and order a new reference on the ground that the plaintiffs had had no notice of the taking of depositions and hearing by the master. The court entered an order sustaining the exceptions generally, and ordered the master to restate the account and report at the next term of the court. The master restated the account and made another report. The defendants excepted to this report also, but these exceptions were not reduced to writing except as shown by the following order of the court, and the exceptions filed to the previous report of the master: "On this day came the plaintiffs by their attorney, June P. Wooten, a member of the firm of Vinson & Wooten, and except to the restatement of the master filed herein on this date, and for cause of exception state as in original exceptions filed herein to original report, and further that no evidence has been adduced before the master since said original report on which to base a restatement, which exceptions are by the court overruled, and said restated report is by the court approved. The court thereupon on the 31st day of October, 1904, entered a final decree in accordance with this amended report, and the plaintiffs appealed."

*Baldy Vinson,* for appellants.

1. A party has the right to be heard before a master and to introduce evidence in his own behalf in mitigation of damages; and when he is precluded from doing so, the report should be set aside. 16 Ark. 616.

2. It is imperative on the master to notify parties of the time and place of taking testimony. Kirby's Digest, § § 6329, 6335; 54 Ark. 437. It must be reasonable, so as to enable the party to prepare himself, and be present. *Supra.* See, also, 32 Fla. 481; 25 Ill. 257; 53 Me. 214; 9 How. Pr. 71; 2 N. C. 348; 21 S. C. 359; Henderson, Ch. Pr. § 186; 41 Ill. App. 399; 33 Ill. App. 238.

*J. W. Dickinson,* for appellees.

RIDDICK, J., (after stating the facts.) This is an appeal by plaintiffs from an order of the chancery court confirming a report of a master appointed to state an account between the plaintiffs and defendants in this case. The report of the master thus confirmed was the second report made by him, exceptions made by plaintiffs to the first report having been sustained and the master ordered to restate the account.

The original decree adjudging the rights of the parties and ordering a reference to a master was made in September, 1903. The master took evidence and filed his report, and on the 11th day of June, 1904, the plaintiffs filed their exceptions thereto, and moved to strike the report out on the ground that the master had taken depositions and heard the case without notice. After further setting out various specific objections to the report, plaintiffs ended their exceptions with the following words: "Plaintiffs move the court that, for the many errors and insufficiencies mentioned in their exceptions, the master's report be stricken from the files, and the matter referred with directions to forthwith state a true and accurate account in accordance with the law and instructions of this court." The court thereupon entered an order sustaining the exceptions generally, and ordered the master to restate the account.

Now, it will be noticed that, although the plaintiffs excepted to the report and moved to strike it out on the ground that it was based on depositions taken without notice, they do not ask that

the master be ordered to retake the depositions or to take further
evidence, but only ask that the master be required to forthwith
state a true and accurate account.    For this reason, or because
the court thought that the objection that the depositions were
taken without notice was not well taken, or that the account could
be restated on the depositions taken before the original decree,
the court did not direct the master to hear further evidence, but
referred the account to the master for restatement.    No objections
were made to this order of the court, and no appeal taken by
plaintiffs, either from it or the original decree.    But, on the fil-
ing of the restated account, plaintiffs appeared by their attorney
and excepted thereto, and, to quote the language of their excep-
tion, "for cause of exception state as in the original exceptions
filed herein to original report, and further that no evidence has
been adduced before the master since said original report on
which to base a restatement."

The court overruled these exceptions, and confirmed the re-
port.

The appeal taken in this case was over a year after the origi-
nal decree, and over a year after the judgment of the court order-
ing a restatement of the account, and those two judgments are
not questioned.    As the court did not, in ordering the master to
restate the account, direct him to take further evidence, it was
not his duty to do so, and the objection to his second report on
that ground can not be sustained.    If plaintiffs had desired to
produce further evidence before the master, they should have
asked a direction to that effect.    But, instead of that, they asked
the court to order the master to forthwith restate the account,
which indicates that they did not consider that further evidence
was necessary.    17 Enc. Plead. & Prac. 1073.

The other objection made by plaintiffs to this account can
not be sustained, for the reason that it is not specific enough.
The language of it is that they except as stated in their exceptions
to the original report.    But the two reports were not the same,
for the master in the second report made material changes in his
findings, sustaining some of the exceptions filed by plaintiffs to
his first report.    If any of the findings of the master in his second
report were incorrect or not in compliance with the directions of
the court, they should have been pointed out by a specific objec-

'tion in writing, for the statute so requires. Kirby's Digest, § § 6336-6340. It would be obviously unfair to the chancellor to compel him to entertain an exception made in this form and to look through the long list of exceptions filed to the first report and compare them with the last report in order to ascertain the objections of plaintiffs to the last report. We must therefore hold that this exception was too indefinite to justify us in reviewing the order of the chancellor in overruling it and confirming this second report of the master. 17 Enc. Plead. & Prac. 1049; *King* v. *Burdett,* 44 W. Va. 561; *Findley* v. *Findley,* 42 W. Va. 372.

For the reasons stated the judgment of the chancellor is affirmed.