### BLANTON v. CHALMERS.

(Circuit Court, N. D. Illinois, E. D. February 6, 1908.)

No. 28,828.

1. EQUITY—BILL—EXCEPTIONS—IMPERTINENCE.

   Where a bill and answer are in the files, it is not proper practice on exceptions to the answer for impertinence for complainant to restate the allegations of the answer, and then add "in all which particulars plaintiff excepts to said answer" as impertinent, and insists that the allegations should be expunged, but the particular matters excepted to should be stated in the exceptions as required by Equity Rules 27, 61.

2. SAME.

   Exceptions to an answer must be definite and exact, and cannot be founded on general objections to an answer, part of which is clearly good.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, § 527.]

**3. SAME—"IMPERTINENCE."**

"Impertinence" in a pleading in equity consists in the introduction of any matter into the pleading which is not properly before the court for decision at the particular stage of the suit.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, § 434.

For other definitions, see Words and Phrases, vol. 4, p. 3423.]

**4. SAME—EXCEPTION—DEMURRER.**

An exception for impertinence is not equivalent to a general demurrer.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, §§ 521–525.]

**5. SAME—HEARING ON PLEADINGS.**

Where complainant in equity desires to rest his case on the allegations of the answer, the matter should be set down for hearing on the bill and answer.

[Ed. Note.—For cases in point, see Cent. Dig. vol, 19, Equity, §§ 710–712.]

**6. CORPORATIONS—TRANSFER OF STOCK—PLEDGES—ACCOUNTING—LACHES.**

Complainant delivered certain stock to defendant to secure a guaranty of certain indebtedness which defendant was afterwards required to pay, whereupon, about December 10, 1904, defendant appropriated the stock, and claimed the same as his absolute property. Complainant filed a bill October 2, 1907, for an accounting, claiming that the transaction constituted a pledge, and not a conditional sale. *Held* that, in the absence of anything to explain complainant's delay, complainant on the face of the pleadings was guilty of laches.

Follansbee, McConnell & Follansbee, for complainant.

George M. Eckels, for defendant.

KOHLSAAT, Circuit Judge. This cause is now before the court on exception to the answer for impertinence. Inasmuch as the bill and answer are in the files, it was not proper practice for complainant to restate the same, and then by adding, "In all which particulars the plaintiff excepts to said answer of said defendant, William J. Chalmers, as impertinent, and he insists that said allegation ought to be expunged from said answer," leaving the court the task of ascertaining just what is claimed by him. There are a number of matters set up by way of answer, and proper practice would require that the particular matters excepted to be named in the exceptions. Equity Rules 27, 61. The briefs, however, indicate that the exception is filed only to the defendant's version of the contract in suit, whether new, or in legal effect the same as that set up in the bill, and, for the purposes of this hearing, the matter debated in the briefs may be accepted as a designation of the particular part of the answer excepted to, although "exceptions to an answer must be definite and exact, and cannot be founded on general objections to an answer, part of which is clearly good." Mutual Life Ins. Co. v. Cokefair, 41 N. J. Eq. 142, 3 Atl. 686; Arnold v. Slaughter, 36 W. Va. 589, 15 S. E. 250. The matter in suit, for the purposes of this hearing, may be stated as follows, viz.: The complainant desired a certain credit from Allis Chalmers & Co. This they refused to allow him without some sort of security. In consideration that defendant guarantee his account, complainant conveyed certain shares of stock made out in defendant's name to the Allis Chalmers & Co. under an agreement with defendant that if he was compelled to pay the account, the stock was to be his absolute

property. Complainant failed to pay, and Chalmers assumed the debt and took the stock.

Impertinence consists in the introduction of any matters into a bill, answer, or other pleading in a suit, which are not properly before the court for decision at any particular stage of the suit. Wood v. Mann, 1 Sumn. 506, Fed. Cas. No. 17,951; Chapman v. School Dist., Deady, 108, Fed. Cas. No. 2,607; Woods v. Morrell, 1 Johns. Ch. (N. Y.) 103. The briefs in this cause are mainly directed to a discussion of the question as to whether the contract set up in the answer and the proceedings thereunder constituted a pledge or a conditional sale. Complainant insists that the answer, in substance, confesses his contention that certain shares of stock are held by the defendant, merely as a pledge or bailee, to be accounted for. Granting, for the time, that such is the case, can it be held as a matter of law, that an answer, or matters contained in an answer, which concedes complainant's case, is foreign to the issues raised by the bill and open to exception for impertinence? An exception for impertinence is not equivalent to a general demurrer. If complainant desires to rest his case upon the allegations of the answer in respect to whether there exists a bailment or a conditional sale, then the matter should be set down upon bill and answer. This proceeding under equity rules amounts, practically, to a general demurrer.

There is another phase of the case which should dispose of the exceptions as presented. The stock was delivered to and appropriated and openly claimed by Chalmers as his absolute property on or about December 10, 1904, that being after the date fixed for the payment of the account for which he had become surety and after his payment thereof. The bill was filed October 2, 1907, almost three years later. No sufficient explanation of this delay is shown in the bill. It is well known that situations change, so that delays amounting to laches have been held to constitute a good defense to such proceedings as now before the court. 22 Am. & Eng. Ency. of L. p. 877, and cases cited. Whether or not there was laches would be a matter of proof. On the face of the pleadings, I am inclined to hold that it existed.

For these reasons, the exceptions are overruled.