# CHARLESTOWN.

SHENANDOAH VALLEY NATIONAL BANK v. SHIRLEY *et al.*

Submitted September 8, 1885.—Decided September 26, 1885.

(\*GREEN, JUDGE, Absent.)

1. Where an exception is not taken to a commissioner's report in the court below, and the matter objected to in the Appellate Court might be affected by extrinsic evidence, the Appellate Court will not consider such objection. (p. 568.)

2. But where no exception is taken to the commissioner's report in the court below, and no error appears on the face of the report, but when taken in connection with the pleadings in the cause the error in the report does clearly appear, such error will be considered and corrected by the Appellate Court, it being impossible in such case to be affected by any extrinsic evidence. (p. 568.)

3. Where one commissioner's report shows error on its face in the calculation of interest, and it is set aside, and another report is made, which shows the balance of the debt to the time of making the report "after allowing all credits," and no exception is taken to the last report, the Appellate Court can not go back of the last report to consider errors apparent on the face of the first. p. 569.)

4. An error in the calculation of interest can be corrected by motion on notice under sec. 5 of ch. 134 of the Code. The statutory remedy however is cumulative and has not abolished petition for re-hearing or bills of review, which still may be had accord-

\*Counsel below.

ing to the course of equity in the same manner as before the enactment of the statute.    (p. 569.)

5. Want of notice of the time and place of the taking of an account by a commissioner is not sufficient reason for a bill of review or petition for re-hearing, such objection not having been taken, as it ought to have been, before the decree was rendered.    (p. 569.)

6. Where a bill of review or petition for re-hearing is dismissed in the circuit court, and an appeal is taken, this Court may correct the error complained of without sending the cause back to allow the bill of review or petition to be heard.    (p. 570.)

7. Where a commissioner's report shows, that interest on a debt audited therein is calculated at six *per cent.*, and the pleadings in the the cause show, that the debt bore nine *per cent.* interest, and the report is not excepted to, such error may be corrected in the court below on notice under the statute or by bill of review or by petition for re-hearing in a proper case or upon appeal in the Appellate Court.    (p. 570.)

The facts of the case are stated in the opinion of the Court.

*R. Parker* for appellant.

*G. Baylor* for appellee.

JOHNSON, PRESIDENT:

This cause has been in this Court once before.    (20 W. Va. 210.)    The decrees were then reversed, and the case remanded with leave to the plaintiff to file an amended bill.    It was a creditors' suit seeking satisfaction of the liens and debts set up in the bill.

The amended bill was filed; the defects in the former bill were cured; and on February 19, 1883, a consent decree was entered, and commissioners were appointed to sell the lands of the defendant, Bates, and referring the cause to commissioner Cleon Moore with instructions to ascertain and report all other real estate of the defendant, Bates, and to ascertain and report all liens general and specific binding on the real estate of the defendant, the amounts and priorities of the same, &c.

On February 20, 1883, another consent-decree was entered in the cause, reciting the sale of a tract of 163¼ acres, and confirming said report of sale.    The commissioners ascertained the liens and their priorities and placed the lien of the

bank, the plaintiff, in the second class.   The finding was as follows :

"CLASS 2.

"Shenandoah Valley National Bank of Winchester, against
    J. W. Shirley, Walter Shirley, J. G. Shirley and S. A.
    Bates ; judgment in circuit court March term, 1874,
    docketed July 3, 1874 ; balance due April 15, 1879, after
    allowing credits..  ..  .........  .  ...$1,498.02.
"Interest from April 15, 1879 to March 19, 1883  .........  353.02.

                                             $1,841.04."

There was an exception to the report by the Bank of Charlestown also by John W. Grantham.  The Shenandoah Bank did not except to the report.

In May, 1883, another decree was rendered reciting that the cause was heard on papers formerly read, &c., "and the report of commissioner Cleon Moore returned and filed in this cause on March 19, 1883, and the exceptions thereto, and the same being argued by counsel, the court not now passing on the exceptions to said report doth recommit the same to said commissioner with liberty to parties to produce any evidence, they may desire, touching the questions of the priorities of the debts audited against the tract of $163\frac{1}{4}$ acres of land sold in this cause, and it appearing from said report that the debt of The Shenandoah Valley National Bank of Winchester is a lien on both the said tract of land and the house and lot in the bill and proceedings mentioned, and that the proceeds of the sale of the house and lot will be insufficient to discharge the lien on said house and lot, prior to the lien of the said bank, and that the same will have to be paid out of the proceeds of the sale of said tract of land, and it appearing that there is in the hands of George Baylor, special commissioner, after deducting the cost of sale ($62.53,) the sum of $2,114.13, it is adjudged, ordered and decreed, that said special commissioner do out of the said fund pay the costs of this cause, as audited in commissioner Moore's report, excepting those items paid under a former decree of this court in this cause, and then to The Shenandoah Valley National Bank of Winchester the sum of $1,841.04, with interest on $1,498.02 from March 19, 1883, the amount audited in its favor in said commissioner's report."

On May 30, 1883, another decree was rendered overruling the exceptions to commissioner Moore's report and confirming the same : "And it appearing from said report that the sale of the house and lot in Middleway belonging to said S. A. Bates will be required to liquidate the liens in said report audited" it was agreed, &c., that commissioners therein appointed should sell said house and lot, &c.

On December 14, 1883, another decree was rendered reciting the sale of the house and lot and confirming the sale and directing the commissioners out of the funds in his hands to pay any unpaid costs and the residue to The National Bank of Martinsburg or to E. Boyd Faulkner, its attorney, on the debt audited in Class 1 of commissioner Moore's report.

Another decree was rendered, stating that commissioner Baylor submitted a report showing the collection of the first deferred payment on a tract of land amounting principal and interest to $2,307.26. The report was approved, and the commissioner was ordered to pay more costs, the balance to be paid on a debt audited in commissioner Moore's report in Class 3, and was directed to collect the second deferred payment as soon as due and report to court.

On December 19, 1884, the cause was again heard, and commissioners Trapnell and Beckwith filed a report showing certain distribution of monies in their hands and that they had collected the first deferred purchase-money bond of Margaret A. Bates, and had in their hands for distribution $307.17, and there being no exception to said report, it was confirmed and the said commissioners were directed to pay any unpaid costs in the suit and to pay the balance to the National Bank of Martinsburg or its attorney on the debt audited in Class 1 of commissioner Moore's report.

The cause was again heard February 24, 1885, on the papers formerly read in the cause and the report of special commissioner Baylor, which showed he had collected the last deferred instalment of purchase-money on land sold in the cause to W. G. Bates, Helen Bates and Mary B. Mc-Coughtry amounting principal and interest to $2,437.86, and after deducting $49.75 commissions leaving a balance of $2,388.11 for distribution, and there being no exceptions

to the report it was confirmed, "and the court being of opinion that a petition for re-hearing can not be filed to a final decree at a subsequent term to that, at which the decree sought to be re-heard is entered, and that treating the same as a bill of review, the complainant not having excepted to the commissioner's report filed March 19, 1883, can not now bring the question of notice before this court by bill of review, doth dismiss the petition for re-hearing or bill of review filed by The Shenandoah Valley National Bank of Winchester, and doth adjudge, order and decree, that George Baylor, special commissioner, out of the funds in his hands for distribution do pay to the National Bank of Martinsburg, or to E. Boyd Faulkner, its attorney, the sum of $720.52, the balance due said bank on its debt audited in Class 1 in commissioner Moore's report returned and filed in this cause March 19, 1883, and to George Baylor, administrator *de bonis non, c. t. a.* of Robert Florence, the sum of $1,371.22, the balance due on the debt audited in Class 3 of said report in favor of George Baylor, trustee of John W. Grantham and others, and to John W. Grantham, assignee of the Bank of Charlestown, the sum of $296.37 on the debt audited in said report in Class 4," &c.

The petition for re-hearing or bill of review was filed by the said bank, claiming that its debts were judgments bearing interest at nine *per cent. per annum*, as alleged in its bill filed in the cause. It alleges no notice was given it of the taking of the account by the commissioner. It complains that the report did not give interest at nine *per cent.*, but only for six; that it was its right to have interest on its debt at nine *per cent.* until paid, and alleges that there is due to it yet over $600.00. It alleges that the first error as to the calculation of interest appears on the report March 7, 1876, and the same error is repeated in the subsequent reports. It prays a re-hearing of so much of the decree of May 30, 1883, as confirmed the commissioner's report filed March 19, 1883, and of any and every other decree in the cause, which may be construed as having fixed the amount of its debt; and that the cause may be recommitted to the commissioner to ascertain the true amount of its debt. The said bank appealed from the decree of February 25, 1885, and May 30, 1883.

The decrees entered in this cause show a strange practice. Why there should have been some eight decrees rendered in this cause of the character of those described above, we can not imagine. It is difficult to ascertain, which of them is the final decree; and as it is unnecessary for us to decide that question in this cause, we decline to do so. It clearly appears from the face of the commissioner's report of March 19, 1883, that the commissioner calculated the interest on the balance found due the bank at six *per cent. per annum ;* and that had it been calculated at nine *per cent.,* at that date March 19, 1883, the bank would have been entitled to about $176.00 more than was allowed it. But it is said this does not appear on the face of the report, and there is no exception to the report; that it can not be said that interest should have been calculated at nine *per cent.* without the aid of extrinsic evidence. It is true that where an exception is not taken in the court below to a commissioner's report, and the matter objected to in the Appellate Court might be affected by extrinsic evidence, the Appellate Court will not consider such objection. (*Evans* v. *Shroger,* 22 W. Va. 581, and cases therein cited.) But where no exception is taken to the commissioner's report in the court below, and no error appears on the face of the report, but when taken in connection with the pleadings in the cause the error in the report does clearly appear, such error will be considered and corrected by the Appellate Court, it being impossible in such case to be affected by any extrinsic evidence. Here the bill distinctly charges that the two judgments set up therein were recovered in the circuit court of Jefferson county and bore interest at nine *per cent. per annum.* This is not controverted in the suit and must be taken as true. The commissioner in his first report calculated the interest at nine *per cent.* If those resisting the enforcement of these judgment liens had controverted the fact, that the judgments bore interest at nine *per cent.,* then the plaintiff would have been compelled to prove the allegation in his bill in the proper mode. If it were admitted, that the judgments bore nine *per cent.* interest, then until reversed they would be enforced with such interest.

But it is claimed by the petitioner, that he is entitled to have the whole account retaken. He claims there was an error

in the first report in the calculation.  He can not go back of the report of March 19, 1876.  That ascertains a balance "after allowing all credits" of $1,498.02.  There was no exception to the report, and the evidence before the commissioner was not therefore brought up.  (*Thompson* v. *Catlett*, 24 W. Va. 525.)  We must therefore conclude, that the report is correct in ascertaining the balance.  The error of not allowing interest on the balance at nine *per cent.* is apparent. How could the plaintiff after failing to except take advantage of the error ?  He might have done so by notice given under sec. 5 of ch. 134 of the Code.  As it was a mere error in calculation, that would have been the best mode to correct it. But he gave no notice as required by the statute to correct such error of calculation.  Then what can he do ?  Must the decree appealed from be affirmed ?  Is he prohibited by sec. 6 of ch. 134 from taking his appeal, he not having given such notice, and no motion founded on such notice having been overruled in whole or in part ?

The statutory remedy is cumulative and has not abolished petitions for re-hearing or bills of review, which still may be had according to the course of equity in the same manner as before the enactment of the statute.  (*Kendrick* v. *Whiteny*, 28 Grat. 646.)  Then the petition of plaintiff may be treated either as a petition for a re-hearing or a bill of review; it matters not which.  If the decree sought to be reviewed was a final decree, then a bill of review might have been filed; and if it was not a final decree, a petition for a re-hearing was a proper remedy, and it would be treated as one or the other, as circumstances might require.  (*Kendrick* v. *Whitney*, 28 Grat. 646 ; *Sturm* v. *Fleming*, 22 W. Va. 404.)

The court below held that the plaintiff not having excepted to the commissioner's report, he could not now bring the cause again before the court by bill of review, on the ground that he had no notice of the taking of the account.  This is true.  Want of notice of the time and place of a commissioner taking an account is not sufficient reason for a bill of review or petition for re-hearing; such objection not having been taken, as it ought to have been, before the decree was rendered.  (*Winston* v. *Johnson's Ex'ors*, 2 Munf. 305.)  But the error in calculation is a sufficient ground either for a bill

of review or petition for re-hearing. But as the error may be here corrected on appeal from the decree settling the principles of the cause, this Court will now require the error to be corrected. The report of the commissioner ought not to have been confirmed, so far as it gave only six *per cent.* interest on the balance found due the plaintiff. The report should have been modified by allowing him interest on the balance of $1,498.02 at nine *per cent.*

The decree of February 25, 1883, so far as it dismissed the plaintiff's petition or bill of review, is reversed with costs to the appellant, and the decree of May 30, 1883, confirming the commissioner's report is reversed, and this cause is remanded with instructions to modify said report as herein indicated, and to do whatever is necessary to cause the said balance found by said report due the plaintiff with interest thereon at nine *per cent. per annum* until paid to be paid to plaintiff and appellant less any sum or sums already paid to him on said lien.

REVERSED IN PART. REMANDED.