# CHARLESTON.

GAY *et al. v.* LOCKRIDGE *et al.*

Submitted January 27, 1897—Decided April 7, 1897.

1. DOWER—*Release of Dower—Burden of Showing Release.*
   Where a widow's dower is a charge on a certain tract of land, the burden is on the purchaser of the whole or a part thereof, or those claiming under him, to show that such purchase was made free and acquit from such dower. (p. 269.)

2. COMMISSIONER'S REPORT—*Exceptions—Appeal.*
   When an exception to a commissioner's report is based on legal grounds, founded on the pleading and exhibits alone, such report will be taken as conclusive as to any finding that might be affected by extraneous evidence. In the absence of exception on this ground, it will be presumed that such commissioner had before him sufficient extraneous evidence to sustain his finding. (p. 270.)

Appeal from Circuit Court, Pocahontas County.

Suit by Levi Gay and another against J. B. Lockridge and others. From a decree against her, defendant Lillie B. Lockridge appeals.

*Reversed.*

L. M. McCLINTIC, for appellant.

W. M. & J. T. McALLISTER, for appellee.

DENT, JUDGE:

Lillie B. Lockridge appeals from a decree of the Circuit Court of Pocahontas county in the case of Levi Gay and J. P. Hawkins, plaintiffs, against J. B. Lockridge *et al.*, and assigns for error the holding of the court that she was not entitled to dower in the land in controversy. The facts are as follows: James T. Lockridge, the husband of appellant, during his lifetime, was seised in fee simple of a certain one thousand four hundred and thirty-four-acre tract of land, which was sold to pay liens thereon inferior to the appellant's contingent right of dower therein, in the year 1885, and purchased by H. M. Lockridge. Afterwards, in the year 1886, James T. Lockridge died, and the dower of appellant in said tract of land became consumate. In the year 1888, H. M. Lockridge conveyed one-third of said land to J. T. Lockridge by deed, with covenant of special warranty in which appellant did not join. The creditors of J. T. Lockridge, having instituted proceedings to sell said third, insist that the appellant's dower should be in whole imposed on the remaining two-thirds, and thus relieve the one-third first sold for their benefit. This depends, at least to some extent, on the understanding with which J. T. Lockridge took a conveyance of the third. If it was agreed that it should remain subject to its fair proportion of the dower, it must do so, as the creditors take only the estate of J. T. Lockridge therein. On the other hand, if J. T. Lockridge purchased the land free from said dower, then the creditors would be entitled to it in the same condition. The dower was never assigned in kind, nor could the widow have it so assigned; but, under the provisions of section 12, chapter 65, Code, she must accept a money compensation therefor, which remained a charge on the land. In this respect she was entirely at the will of the owner. He may sell and dispose of a part of the land without her consent, for a full compensation; and, as between him and his vendee, the remaining portion of the land becomes first liable for the full dower charge. Or he may sell the one-third with the understanding that it is to

be first liable for its fair proportion or the whole of the dower; this between himself and his vendee, without consulting the dowress. On whom, then, is the burden of proving that the widow has lost her right to charge the land with her dower? Certainly on the parties who assert it. The mere fact that H. M. Lockridge sold one-third, and retained two, is not evidence that the sale was made free from the dower incumbrance extending to the whole; while the fact that the appellant did not join, or was not asked to join, in the deed, is presumptive evidence that the sale was made subject to the incumbrance to the extent of the sale, and that the purchaser assumed the risk thereof, and there is no proof to defeat this presumption. The price paid for the land is not shown to have been a full equivalent, and the deed is with special warranty, evidently evincing the intention of the grantor only to convey such title as was in himself, and thus limit his liability for some known reason, the only apparent one being this dower charge. The dower already being a charge on the land, it was unnecessary to reserve the same in the deed. Nor was there any writing necessary in the case to avoid the statute of frauds; but a simple understanding between the vendor and vendee, recognized in fixing the amount of consideration, was all that was required. If the appellant had joined in the deed, she would have released her dower, and that she did not tends to show that a release was not intended or considered. She joined in the deed for the two-thirds, and thus relieved it, but this does not relieve the other, in absence of intention to do so. It seems therefore apparent that the *prima facie* case is with the appellant, and the creditors have failed to rebut it.

But, in addition to this, the case was referred to a commissioner, and he reported in favor of appellants's right of dower. The creditors excepted, and the court sustained the exception. Neither the commissioner's report nor the evidence on which it is founded is a part of the record. It has been repeatedly held by this Court that a Commissioners report will be taken as conclusive as to any finding that might be affected by extraneous evidence, when the evidence on which it is founded is not made a part of the record, the court presuming that the evidence, if produced, would sustain such finding. *Thompson* v. *Catlett,*

24 W. Va. 524; *Lynch* v. *Henry*, 25 W. Va. 416; *Chapman's Adm'r* v. *McMillan*, 27 W. Va. 20. The court sustained the exception to the commissioner's report, it is true, but it apparently did so on legal grounds, without regard to any extraneous evidence that might have been heard by the commissioner. In the case of *Chapman's Adm'r* v. *McMillan*, it is held, in substance, that, where the evidence is not returned with a commissioner's report, exceptions taken thereto will be regarded as made for errors appearing on the face of the report, and which may not be affected by extraneous testimony. Counsel intimate in argument that no extraneous testimony was taken with regard to the point in issue, but, as this does not appear in the record, we must presume that the commissioner heard such extraneous testimony as was necessary to sustain his finding. So, in either view of the case, the court erred in sustaining the exception to the commissioner's report in so far as it found the appellant entitled to dower in the land, and for this reason and to this extent the decree is reversed and cause remanded.

*Reversed.*