# CHARLESTON.

LONG AND DEVERS *v.* WILLIS *et al.*

Submitted September 5, 1901.    Decided November 30, 1901.

1. DECREE—*Parties to Suit—Prejudice.*
    Persons who are not parties to a suit and not bound by the decrees entered therein cannot be prejudiced thereby. (p. 342).

2. COMMISSIONER'S REPORT—*Facts Found Accepted.*
    Where a commissioner's report is confirmed without exception this Court will not look into the evidence on which it is founded or by which it might be affected, but will accept the findings of

such commissioner as to all facts depending on extrinsic evidence as final and conclusive. (p. 343).

3. PROCESS TO ANSWER—*Bill Good.*
   Process to answer an amended bill before or after it is filed is good. (p. 344).

Appeal from Circuit Court, Harrison County.

Bill by Long & Devers against George E. Willis and others. Decree for plaintiffs, and defendants appeal.

*Affirmed.*

W. S. MEREDITH and W. SCOTT, for appellants.

JOHN BASSEL, for appellees.

DENT, JUDGE:

Arthur C. Devers and others instituted a chancery suit in the circuit court of Harrison County against George E. Willis for the purpose of subjecting his curtesy right in a certain two hundred acre tract of land of which his wife, Mary E. Willis, died seized of an estate in fee. Such proceedings were had therein that on the — day of September, 1898, the court entered a decree for the sale of such curtesy, and the distribution of the proceeds.

Rose L. Bice, Celia Willis, Allars Willis, Scott W. Willis and Clarence L. Willis, children of George E. Willis and heirs at law of Mary E. Willis, appeal from such decree because the court refused to permit them to file their petition denying their father's interest in such land, first, because their father only had a life estate therein, and second, because, if he had, they had held adverse possession for more than ten years and his estate was thereby barred. The court properly refused to allow such petition to be filed against the objections of the plaintiffs, for if the allegations thereof are true, the petitioners not being parties thereto are not bound by any of the decrees entered in this suit, and no interest they may have in such land can be sold. When they are disturbed in their possession, it will be time enough for them to complain. All the court can sell is the real or imaginary interest of defendant Willis in such land, and the purchaser buys *caveat emptor,* and if the creditors interested desire to have the sale made in that way there is no good reason why they should not do so as no one can be injured thereby except them-

selves, if it should hereafter turn out that the defendant Willis who denies his title has none. If his claim be correct he loses nothing, and if it be false he must endure the loss occasioned thereby. So the petitioners are in no wise prejudiced by the refusal of the court to permit them to become parties to this suit, for they still hold all their rights intact. George E. Willis also appeals and makes ten assignments of error.

The first is for the refusal of the court to allow his children to be made parties. This is not to his prejudice. Second is, because the court made a clerical mistake in entering the decree and directed the sale of his life estate in a tract of two hundrd and sixty-four acres of land instead of a two hundred acre tract. This can be corrected by the pleadings and could have been corrected on motion, and is not ground for an appeal. The mistake was caused by following the recitals in the Reynolds' trust deed instead of the bill. Third, because he had no interest in such land for the reason that it was the separate property of his wife or her heirs. This is not to his prejudice. Fourth, because the record shows he was only liable for one-half of the judgment decreed plaintiffs. The commissioner reported his liability for the whole of it. There was no exception thereto, and the circuit court confirmed the report. This Court cannot go behind it. *B. & O. R. R. Co.* v. *Vanderwerker,* 44 W. Va. 229; *Ward* v. *Ward,* 21 W. Va. 262;*Hyman* v. *Smith,* 10 W. Va. 298. Fifth, because the evidence shows he had paid the judgment. The Court will not go behind the commissioner's report. Sixth, because the final decree does not ascertain the amount due plaintiffs. Both the report and decree do this, subject, however, to the *pro rata* share of the funds in the hands of the trustee of Sherman C. Denham. This is a mere matter of calculation. The figures are fully given by which the calculation can be easily made. It is clerical in its nature. Seventh, because the evidence shows all the liens to have been paid. The commissioner's report settles this question. Eighth, because the court ignored the evidence. There being no exception to the commissioner's report, the court could not go behind it.

The appellant seems to want to ignore the commissioner entirely. He should have placed the evidence before the commissioner, and if he failed to consider it, he should have exceptd on that account, otherwise the court must adopt his report as the only basis for its decree. Ninth, because some of the same matters

were in litigation in another prior suit still pending and undetermined. This was not brought to. the court's attention in any tangible way for its action or consideration. Tenth, because process was issued to answer an amended bill before it was filed. This is a mere legal-quibble having no force. It makes no difference whether the process is issued before or afterwards, so the parties are duly summoned and are afforded a full opportunity for defense.

The decree will be amended by striking out the words after two hundred "and sixty-four acres of land conveyed to his wife Mary E. Willis, by H. H. Willis and wife by deed dated August 13, 1879," and inserting in lieu thereof "acres of land conveyed to his wife Mary E. Willis by Jesse Flowers by deed dated the 15th day of November, 1869," and as so amended is affirmed.

*Affirmed.*