# CHARLESTON

BANK OF UNION *v.* NICKELL, ADMR., &C., *et al.*

Submitted January 17, 1905.     Decided January 31, 1905.

1. DECEDENT'S ESTATE—*Suits to Settle—Witness Disqualified.*
   If a creditor's suit is brought to settle up a decedent's estate and a creditor of the decedent files a claim against the estate, before the commissioner to whom the case is referred to convene the creditors and state an account therein, involving purely personal transactions between the creditor and deceased, the creditor, under s. 23 ch. 130, c. 1899, is incompetent to give evidence as to such claim. (p. 59.)

2. LIMITATIONS—*New Promise in Writing— Requirements of.*

    Where a debt is barred by the statute of limitations, and a new promise or acknowledgment is relied upon to remove the bar, there must be an express promise to pay, or an acknowledgment of the debt unaccompanied by reservations or conditions, from which an implied promise will arise, and the writing ought to be such a one, as if declared upon, would support the action.   (p. 60.)

3. COMMISSIONERS IN CHANCERY—*Erroneous on Face—Exceptions.*

    To take advantage of a report of a commissioner in chancery on the ground that the evidence taken before him is insufficient to support his findings, it is necessary that the report be excepted to: but where the report is erroneous upon its face, the error can be taken advantage of without such exception.   (pp. 61, 62 )

    Appeal from Circuit Court, Monroe County.

    Bill by the Bank of Union against R. B. Nickell, administrator of C. P. Nickell, and others.   Decree for plaintiff and defendants appeal.

                                  *Modified.*

    ROWAN & BOGGESS, for appellants.

    J. D. LOGAN and JOHN OSBORNE, for appellee.

    SANDERS, JUDGE:

    The Bank of Union brought a chancery suit in the circuit court of Monroe county against R. B. Nickell, admr. of C. Patton Nickell, deceased, for the purpose of settling up his estate.   Upon the maturity of the bill the case was referred to M. J. Kester, commissioner in chancery, and thereafter the commissioner made and filed his report, as directed by the decree, and, among other things, reported a debt in favor of James B. Fisher for the sum of $109.78, with interest from January 12th, 1899, and another for the sum of $251.62 in favor of J. D. Logan, special receiver 'in the case of W. W. Brown vs. Geo. Lemon's heirs *et al.*   The report was excepted to by R. B. Nickell, admr., in so far as it allowed any part of the debt claimed by Fisher, first, because there was no proof of the debt, and, second, because, if proven, it was barred by the statute of limitations.   On the 23rd day of October, 1903, a decree was entered sustaining said exception endorsed as to the Fisher debt, as to the sum of $18.00, and overruling the exception as to the residue, and giving a recovery in favor of Fisher for $91.78, with interest from Jan. 12, 1899, and a recovery in favor of J. D. Logan, spec-

ial receiver, for the sum of $251.62. Thereafter R. B. Nickell, admr., *et al*, filed a bill of review against the Bank of Union, *et al*, asking that the final decree of October 23, 1903, adjudicating the said claims of Fisher and Logan, receiver, be reviewed and reversed, and, on the 18th day of March, 1904, the defendants demurred to the bill of review, which demurrer was sustained and said bill was dismissed, and the defendants filed their petition for an appeal from the final decrees entered at the October term, 1903, taking recoveries in favor of Fisher and Logan, receiver, and the March term, 1904, dismissing the bill of review.

The first question is, should the court have sustained the exception to the commissioner's report as to the Fisher debt? The commissioner certified with his report all the evidence that was taken before him, and among the witnesses who testified relative to this claim was Fisher, the creditor. Objection was made to his evidence upon the ground that his claim was based upon a personal transaction had with C. Patton Nickell, who was deceased at the time of the giving of his evidence, and under section 23, chapter 130, of the Code, this objection is based, and is clearly sound, But it is claimed by Fisher that without his testimony that there is sufficient evidence to support the finding of the commissioner as to his claim, But we find that there is no evidence that could, from any standpoint of view, be considered as sufficient to establish his debt, the only other witnesses being Miller and Cummings, neither of whom seem, from their evidence, to know anything about this transaction; and the letter of C. Patton Nickell, which was introduced before the commissioner and filed along with his report, and relied upon by Fisher to prove his claim, certainly does not do so. All that he says in the letter is: "I herewith enclose you check for $15.00, it is the best I can do for you at present." Now, there is no statement here, except by implication, that he, at that time, owed him anything else, and if so, there is nothing to show what the amount of it is. Therefore, the commissioner could not have based any allowance to Fisher upon this letter. There should be evidence, before a recovery can be taken, to show that the decedent, Nickell, was indebted to Fisher, and if so, in what sum, and there is no evidence from which this can be fairly inferred, to say nothing about that full proof

which should be required to establish claims of this character.

Then, again, the exception on the ground that Fisher's claim is barred by the statute of limitations is well taken, the entire account being made in the year 1895, and the years preceding, and this suit being brought on the 28th of April, 1902, more than five years since the last item in the account appears to have been charged. Not one of these items appears to have been charged later than March 7, 1895, But it is contended for, on behalf of Fisher, that the letter of C. Patton Nickell, filed before the commissioner, constitutes a new promise or acknowledgment of the debt, such as to remove the bar of the statute of limitations, and that in computing the time it should date from the 12th day of January, 1899, the date of the letter. This letter is as follows:

"Sinks Grove, W. Va., Jan. 12th, 1899. Mr. J. B. Fisher, Dear Sir:— I enclose check for $15,00, it is the best I can do for you at present. I just happened to get it yesterday. Hope this will be satisfactory. Love to all. With kind wishes to all the family I am your obedient servant. C. Patton Nickell. Please send me a receipt for the $15.00 fifteen dollars."

There is nothing contained in this letter that even shows an acknowledgment on the part of Nickell that he is indebted to Fisher, and if it could be so construed, it certainly does not fix any specific sum, which would have to be done in order to remove the statute. In order to create such a promise under the law as to take the claim without the statute of limitations, there must be an express promise to pay, or an acknowledgment unaccompanied by reservations or conditions, from which an implied promise will arise, and the promise ought to be such a one that if declared upon would support itself. All that Nickell did was to send Fisher the check for $15.00, and say to him, "this is the best I can do for you at present." How could this be construed as a promise to pay or an acknowledgment of the debt? There is no sum named and no reference to anything by which it could be ascertained, and nothing in the letter to show that he did not intend to rely upon the statute of limitations.

"An acknowledgment in writing, to operate as a new promise to remove the bar of the statute of limitations, must

be a clear and definite acknowledgment of a precise sum, plainly importing a willingness and liability to pay, not in any wise conditional, nor by way of compromise or attempt at settlement."—*Stiles* v. *Laurel Fork Oil & Coal Co.*, 47 W. Va. 838.

Where a party relies upon a new promise to remove the statute of limitations, the burden is upon him to show such promise.

"The burden of removing the bar of the statute of limitations, by a new promise, rests upon the defendants; and an acknowledgment or admission, to have that effect, must not only be unqualified in itself, but there must be nothing in the attendant acts or declarations to modify or rebut the inference of willingness to pay, which naturally and *prima facie* arises from an unqualified admission."—*Stansbury* v. *Stansbury's Admr's*, 23 W. Va. 23.

"A new promise must not be uncertain. It must acknowledge a fixed sum or balance which admits of ready ascertainment."—*Quarrier's Admr.* v. *Quarrier's Heirs*, 36 W. Va. 310.

Numerous authorities could be cited to support this view, but it is entirely unnecessary to do so, in view of the fact that it is such a well established legal proposition.

The appellants did not except to the report of the commissioner as to the debt for which a recovery was taken in the decree of October 23, 1903, of $251.62, in favor of Logan, receiver, but claim that they have a right to take advantage of it in this Court for the first time. A party has the right to take advantage of any error appearing upon the face of a commissioner's report without excepting thereto. This is the well settled law of this State, having been decided time and again. *Windom* v. *Stewart*, 48 W. Va. 488; *Kester* v. *Lyon*, 40 W. Va. 161; *Bank* v. *Shirley*, 26 W. Va., 563. But unless the error appears upon the face of the report, it will be presumed by the court as admitted to be correct by the parties, not only so far as it settles the principles of the account, but also in regard to the sufficiency of the evidence upon which it is founded. *Poling* v. *Huffman*, 28 W. Va. 639.

"Where a commissioner's report is confirmed without exception this Court will not look into the evidence on which it

is founded or by which it might be affected, but will accept the findings of such commissioner as to all the facts depending on extrinsic evidence as final and conclusive."—*Long* v. *Willis*, 50 W. Va. 341.

And also see cases of *Curty* v. *Chalfant*, 14 W. Va. 531; *Ward* v. *Ward*, 21 W. Va. 262; *Thompson* v. *Catlett*, 24 W. Va. 525.

We cannot look to the evidence, because that cannot be treated as the face of the report, but in order to take advantage of the insufficiency of the testimony to establish a claim, exception should be endorsed to the report, pointing out specifically the reasons why the claim should not have been allowed. There is abundant authority to show that the evidence should not be considered in determining the question as to whether or not there is error upon the face of the report. Among them are the cases of *Bank* v. *Shirley*, *supra; Kester* v. *Lyon*, *supra*. The Court holds in these cases that the only thing that can be treated as the face of the report is the face of the report proper, and the pleadings in the cause. It does not include depositions and documentary evidence. Therefore, the position taken that the evidence does not sustain the Logan claim cannot be considered, for the reason that no exception was taken to the report on that ground. Not being able to look to the evidence on the question of the Logan claim, it is proper to inquire, is there any error upon the face of the report. The appellants point out none, and we see from the report that the commissioner, upon the question of reporting the indebtedness against Nickell's estate, says: "Statement No. 3. Showing all the debts against the estate of C. Patton Nickell, dec'd, with their amounts, dignities and priorities," and in this statement, under "class three," he refers to a decree of March 2, 1900, showing the appointment of J. D. Logan, special receiver, to collect from C. Patton Nickell and others the sum of $185.11, with interest, making, as of October 20th, 1903, the sum of $251.62, the amount of the recovery in favor of Logan, receiver. This reports the claim of Logan, receiver, against the estate of C. Patton Nickell, dec'd, and in favor of Logan, receiver, the person the report shows was appointed to collect it, and, therefore, we find no error upon the face of the commissioner's report as to this debt.

The decree of the circuit court, entered on the 23rd day of October, 1903, confirming the commissioner's report, is modified and corrected in so far as a recovery is taken in favor of James B. Fisher for the sum of $91.78, with interest from January 12th, 1899, and this recovery is stricken from said decree; and the decree, in all other respects, is affirmed.

*Modified.*