# CHARLESTON.

WILLIAM E. GLASSCOCK *et al.,* TRUSTEES, *v.* SOUTH

MORGANTOWN TRACTION COMPANY *et al.*

Submitted October 18, 1921. Decided October 25, 1921.

1. RECEIVERS—*Railway Company's Creditor Whose Claim was Secured Along With Others Held Not Entitled to Preference for Furnishing Labor and Materials.*

    The claim of a creditor of a railway company, secured along with its other general debts, by a deed assigning all of its

property to trustees to secure ratable payment of all of its debts, and not otherwise expressly secured, is not entitled to priority or preference over such other debts, in the distribution of a fund arising from sale of such property, even though such claim may have arisen out of the furnishing of labor and materials for necessary use in the operation of the company's railway, in the absence of establishment of a diversion and payment of net earnings of the company to such other creditors or the holder of some other lien on such property. (p. 323).

2.   SAME—*Railway Company's Prior Operation Debt is Not Part of Receivership Expenses.*

A debt so incurred by a railway company, before the appointment of a receiver in a suit brought to wind up its business, is not a part of the expenses of the receivership. (p. 325).

3.   APPEAL AND ERROR—*Chancery Commissioner's Findings Not Excepted to Below Cannot be Assailed on Appeal.*

A finding of a commissioner in chancery, set forth in his report and not excepted to in the court below, cannot be assailed in the appellate court, by an assignment of error, unless the report is erroneous on its face, as to it.   (p. 325).

(MILLER, JUDGE, absent).

Appeal from Circuit Court, Monongalia County.

Suit by William E. Glasscock and others, trustees, against the South Morgantown Traction Company and others, for ascertainment of liens, administration of trust, and appointment of receiver for the defendant. Exceptions to the commissioner's report sustained, and a decree of preference awarded in favor of the city of Morgantown, and plaintiffs appeal.

*Reversed in part, and affirmed as modified.*

*Cox & Baker,* for appellants.
*T. D. Stewart* and *C. B. Dille,* for appellee.

POFFENBARGER, JUDGE:

This appeal involves only a question of priority of liens, the appellants denying the right of preference accorded the City of Morgantown, by the decree complained of. They contend that the city must take its place among the general

creditors of the South Morgantown Traction Company, whose debts are all secured on a *pro rata* basis and without preference, by a deed of general assignment for their benefit. Before the assignment, there was but one admitted lien on any of the company's property, and that was a vendor's lien for $1,000.00, on a certain piece of real estate. The entire indebtedness amounted to $176,848.57. By the decree complained of, the debt of $2,495.43 due the City of Morgantown and secured by the assignment, was given priority over the other creditors secured by it, on the theory of right in those furnishing labor and materials to a railroad company, to a preference over secured creditors, in the distribution of a fund arising from the sale of the corpus of its property, not from its net earnings.

The assignment was made March 29, 1919. This suit for ascertainment of liens, administration of the trust and appointment of a receiver, was commenced in October, 1919.

Incurrence of the preferred debt antedates both transactions, but it was not secured by an express lien of any kind. It arose under a contract between the city and the traction company, dated September 24, 1918, and substantially performed in December, 1918. Under it, the city did certain street grading and paving the traction company was obligated to do by a provision of its franchise, in consideration of the agreement of the latter to pay the cost thereof, immediately upon the completion of the work.

In his report, the commissioner to whom the cause was referred, denied the preference claimed by the city, but the court, sustaining an exception to the report, based upon disallowance thereof, awarded it by the decree, as has been stated. By the decree entered July 19, 1920, modifying the report and confirming it as modified, sale of the traction company's property, by the trustees, was ordered and it was subsequently sold for $40,100.00.

From November 3, 1919, until sold, the property was managed and operated by a receiver who, under authority duly conferred, borrowed $2,500.00 on a receiver's certificate, for operating expenses. Under his administration, the income was insufficient to pay the taxes, necessary current expenses

and the receiver's certificate. Conceding non-existence of any net earnings, either in hand or diverted, upon which the debt due the city could be a lien, its counsel insist, nevertheless, that it is entitled to preference over the other general creditors secured by the deed of assignment, in the distribution of the fund created by sale of the property of the company.

The authorities invoked for this right of preference do not sustain it. There is no pretention that either *Fosdick* v. *Schall,* 99 U. S. 235, or *Hale* v. *Frost,* 99 U. S. 389, in which the doctrine of preference in respect of net earnings, was originally asserted, goes beyond such earnings; and, manifestly, neither of them does. It is insisted, however, that the decision in *Southern Railway Co.* v. *Carnegie Steel Co.,* 176 U. S. 257, extends the principle to the corpus of the property of the corporation, as against mortgage creditors; but this position is wholly inconsistent with the conclusion announced in the case. The trial court had ascertained that net earnings of the railway, upon which the steel company was entitled to a preferential lien, had been diverted and paid to the mortgage creditors, and its decree had, in effect, required restoration of the amount so diverted and paid, to satisfy the claim of the steel company. This decree was affirmed by the appellate court. Not a word found in the opinion, purports to extend the preferential right of a laborer or material man beyond the net earnings, nor has any decision purporting to do so been cited or found. Most assuredly *Virginia and Alabama Coal Co.* v. *Central R. & B. Co.,* 170 U. S. 355, does not, for the terms of the opinion very carefully and explicitly limit it. Moreover, the discretionary power of a court of equity to allow such a preference is uniformly held to be limited, and it is not allowed except in clear cases. *Kneeland* v. *American Loan Co.,* 136 U. S. 89; *Union Trust Co.* v. *Ill. Mid. R. Co.,* 117 U. S. 434; *Addison* v. *Lewis,* 75 Va., 701; *Huddekoper* v. *Locomotive Works,* 99 U. S. 235; *Burnham* v. *Bowen,* 111 U. S. 776; *Wood* v. *Guaranty Trust Co.,* 128 U. S. 416.

Though there is no specific objection to award of the balance in the hands of the receiver, $1,390.25, to the holder

of an unpaid receiver's certificate for $2,500.00, it is proper to observe, that no valid objection could be urged against it, if issuance of the certificate was duly authorized, as presumptively it was, no complaint of the appointment of the receiver, or the order authorizing him to borrow money, having been made. *Union Trust Co.* v. *Ill. Mid. Ry. Co.,* 117 U. S. 434.

The city's debt does not represent an expense of operation under the receivership, because it accrued long before the receiver was appointed.

Its representation of an expense necessarily incurred by the debtor itself does not legally nor equitably differentiate it from other debts which, presumptively, were necessarily incurred. Nor is it material that immediate payment for the work was to be made on completion thereof. Time of payment does not affect the question of priority.

Allowance of a mechanics lien in favor of Joseph H. Stevens, for $186.75, was not excepted to, in the court below, and, as no error in the allowance thereof appears on the face of the report, no complaint of it can be originally interposed here. *Bank of Union* v. *Nickell,* 57 W. Va. 57; *Long* v. *Willis,* 50 W. Va. 341.

In so far as the decrees complained of sustain the exception of the City of Morgantown to the report of the commissioner; accord preference and priority of the debt due said city, over the claims of other creditors secured by the deed of assignment; exclusively accord to said city the fourth place in the distribution of the assets of the traction company; and postpone to its claim those of such other creditors; they will be reversed, and then so modified as to make the debt of said city and such other creditors stand fourth in such distribution and share therein *pro rata,* and, as so modified, they will be affirmed, with an award of costs in this court to the appellants.

*Reversed in part, and affirmed as modified.*